BROWN v. THE CATTARAUGUS COUNTY MUTUAL INSURANCE
COMPANY.

The renewal of a policy of insurance mentioned in the application for a subse-
quent policy is not within a provision in the latter ·policy requiring notice
in case of making other insurances.

The law of this case, in other respects, identical with that of the case last
preceding.

APPEAL from the Supreme Court.   Action upon two poli-
cies of insurance against loss by fire, issued by the defendant
to the plaintiff; one on two stores for $400 each, and the
other on a store for $100, and a storehouse, woodshed and
hoghouse, all in one building, for $50.   Each policy con-
tained a reference to the application of the plaintiff for a
more particular description and as forming part of the
policy; and there was a provision in each, making the policy
void if the insured had any other insurance against loss
by fire on the property, not notified to the defendant, and
declaring that if he should make any such insurance, and
should not with all reasonable diligence give notice to the
secretary and have it indorsed, &c., the policy should cease.
The applications were designated therein, "Application of
David N. Brown," &c., and were partly printed and partly
written.   Each contained an interrogatory, printed:

"Relative situation as to other buildings, distance from
each within ten rods."

The answers are in writing, and that in the application
relating to the stores specifies several buildings, with the
distance of each from the stores.   The answer in the other
application is:

" The storehouse is situated in the rear of the store, the
barn in the rear of the dwelling occupied by John Pierce
both of which are contiguous to other buildings.   There is
a block opposite the store."

At the end of each application are the words, in print ·

" All of the exposures within ten rods are mentioned."

Then follows the signature, at the right hand of the paper :

"D. N. BROWN, *Applicant* "

And on the left hand side :

" GEORGE IDE, *Agent.*"

The plaintiff proved that Ide was the agent and surveyor of the defendant, and that he resided at Gowanda, where the buildings were situate; and further proved, under objec-- tion and exception, that it was Ide's business, as such agent, to solicit insurances; to sign applications, and to forward them to the office of the defendant at Ellicottville; receive policies from the defendant and deliver them to the appli- cants, and take their premium notes and the cash per cent thereon; and as such surveyor to survey the property and premises proposed to be insured, to take the measurement of the distances from all other buildings contiguous and within ten rods therefrom; to take the size of the buildings proposed to be insured, the number of chimneys, &c., and ascertain the relative situation of the buildings insured to any other buildings, for what purpose occupied, and gene- rally to ascertain all about the property to be insured, material to the risk; that said Ide procured the policy first mentioned; that he signed the application, and signed it as agent for the defendant, and that the application was drawn by Ide, who made the survey of the stores mentioned in the application, and made all the measurements of the distances of the stores from other buildings at the time; that when the application was made and signed, Ide stated to the plaintiff, in substance, that the application was cor- rect, and contained all that the company required; that the plaintiff had nothing to do or say about making or preparing

the application or making the measurement or survey in reference to the property insured; that Ide had lived at Gowanda seven or eight years, and was well acquainted with the buildings insured, and also the other buildings about them; that the printed blank applications, one of which was filled up for the plaintiff by Ide, were furnished by Ide to the defendant; that when the application was presented to the plaintiff to sign he stated to Ide that he did not know anything about the rules and regulations of the company, to which Ide replied that he was agent and surveyor of the defendant; that the application as prepared was all the defendant required; that the plaintiff then stated to Ide that relying upon the correctness of Ide's statements as to the sufficiency of the application, he would sign it; that the plaintiff signed the application, which Ide forwarded to the defendant's office and the policy was issued on it, which Ide delivered to the plaintiff; that the plaintiff was not present when the application was prepared by the surveyor; that the plaintiff signed the premium note, which was forwarded with the application; that five per cent premium, and $1.50 for survey and policy, was paid to Ide; that Ide's authority to act for the defendant was in writing, but had been lost. The plaintiff also proved, under objection and exception, the same facts in regard to the other application.

The defendant proved that there were several buildings within ten rods of the buildings insured, not mentioned in the applications, and gave evidence tending to prove that each of those buildings exposed the insured buildings to loss by fire. The defendant also proved that several buildings mentioned in the application for the policy on the stores were nearer the stores than stated in the application.

There was nothing in any of the papers expressing that the company would be responsible for surveys by their agent, or declaring him in that business the agent of the insured. In the application for insurance on the stores was an interroga-

tory, "Is there any other insurance on this property? what amount and by what company?" and the answer was, "$600 on large building, in Ontario and Livingston Mutual." The defendant proved that, on the 9th of July, 1855, the plaintiff obtained another insurance from that company on one of the stores. The plaintiff proved that this was in renewal of the previous insurance, which expired June 20, 1855. The other facts essential to the cause of action are admitted by the pleadings.

The evidence being closed, the defendant asked the court to submit the case to the jury and to charge that the statement of the plaintiff in each of the applications, in answer to the first mentioned interrogatories, was a warranty that the several distances therein mentioned from the several buildings therein mentioned, were the true distances of the insured building from each building within ten rods therefrom. The court refused, and the defendant excepted. The defendant then asked the court to submit the case to the jury and charge them that the answers of the plaintiff, in the applications, to those interrogatories were warranties that there were no buildings, other than those named in such answers, within ten rods of the insured buildings. The court refused, and the defendant excepted. The defendant then asked the court to submit the case to the jury and instruct them that the statements in the applications, that all exposures within ten rods were mentioned, were warranties that there were no exposures within ten rods of the insured buildings other than those mentioned in the applications. The court refused, and the defendant excepted. The defendant asked the court to submit to the jury and instruct them that the omission by the plaintiff to give notice of the subsequent insurance, &c., on one of the stores rendered the policy void as to the amount for which that store was insured. The court refused, and the defendant excepted. The court directed the jury to find a verdict for the plaintiff for the amount of the policies and interest.

to which the defendant excepted. The jury found for the plaintiff accordingly.

Judgment having been entered for the plaintiff, the defendant appealed. The judgment was affirmed at general term in the eighth district, and the defendant appealed to this court. The case was submitted on printed points.

*Rice & Jones*, for the appellant.

*C. C. Torrance*, for the respondent.

STRONG, J. The admission of the evidence objected to by the defendant, as to the business of Ide, the agent and surveyor of the defendant, in reference to insurance, and what he did and said, and what was said by the plaintiff in respect to the contract of insurance on the stores at the time of making thereof, was erroneous. The answer of the plaintiff to the interrogatory calling for information of the relative situation of the stores as to other buildings, and the statement in the application that all of the exposures within ten rods are mentioned, constitute a warranty that there were no other buildings within ten rods of the stores which exposed them to loss or injury by fire; and the plaintiff had given evidence proving, or tending to prove, a breach of this warranty. The evidence in question was manifestly offered and received in answer to this proof of a breach of the warranty, to explain the warranty and control and limit its legal operation. It had no other pertinency and could have no other effect. The case of *Jennings* v. *The Chenango County Mutual Insurance Company* (2 *Denio*, 75), and the cases there cited, show that the evidence could not be received for any such purpose. The case of *Kennedy* v. *The St. Lawrence County Mutual Insurance Company* (10 *Barb.*, 285), declares the same principle.

It is insisted, on the part of the plaintiff, that the evidence was proper for the purpose of creating an estoppel against

the defendant's alleging a breach of the warranty. If the doctrine of estoppel could have such, an application, it would entirely abrogate the established rule, that parol evidence is not admissible to contradict or vary a written contract. The acts and declarations of the defendant's agent were certainly not entitled to any greater force than an express verbal agreement—to the same effect—between the defendant, acting by him, and the plaintiff would be ; and if the latter would not be, the former is not, a basis for the principle of estoppel. An estoppel against proof that there were other buildings than those mentioned in the application, endangering the safety of the stores as to fire, within ten rods, would necessarily assume that such was the understanding and agreement of the parties. It could not rest upon any other idea. The evidence to raise it would, therefore, inevitably contradict the contract. If such was part of the contract it should have been expressed in the writings.

No fraud is imputed to the agent in what is termed the bill of exceptions in the return to the appeal ; and if it were otherwise, it is difficult to see how the plaintiff could be allowed the benefit of part of the contract of insurance and the defendants be denied the benefit of the residue, as it is set forth in the papers. The application is, as it is expressed therein to be, the application of the plaintiff ; the signature of the agent imports only that he procured the application for the company ; and when the plaintiff seeks to enforce the contract of insurance he must take it according to its terms, and submit to whatever makes against him as well as assert the benefit of what makes in his favor.

It is said by the plaintiff's counsel, and by the court below, substantially, in the opinion delivered, that the plaintiff, did not ask any benefit from this evidence ; nor did the defendants ask any charge or direction upon it. But it is apparent that the evidence answered the purpose designed by it, of overcoming the defendant's position of a breach of

warranty.   It would have been useless for the defendants to go to the jury upon that subject, with this evidence sanctioned by the court as competent against them and they were not required to do so.   They might properly rest upon their exception, and not further press their position.

In regard to the other policy, the answer to the interrogatory in the application, as to the relative situation of the buildings insured to others, states, among other things, that two of the insured buildings named are "contiguous to other buildings." This general expression as to "other buildings" embraces all buildings not specified, within ten rods, and of course there can be no warranty that there are no others than those specified.   It also necessarily includes all exposures within the distance mentioned.   In this view, the evidence in question was harmless as to this contract of insurance.

The taking of a policy of insurance, in renewal of the prior insurance mentioned in the application for the first named policy, was not within the terms or spirit of the provision in the latter policy requiring notice in case of making other insurances.

The question whether the other exceptions are too broad to be available need not be considered, as it is not probable that similar questions will again arise in the case.

The judgment must be reversed and a new trial granted, with costs to abide the event.

All the judges (except ROOSEVELT, J.) concurred in the result of this opinion, but put their judgment upon the refusal of the judge to charge that the representations accompanying the plaintiff's application for insurance amounted to a warranty.   The court also concurred in the opinion as to the failure to give notice of the renewal of a prior policy of which the defendant was notified by the application.

Judgment reversed and new trial ordered.