Grover, J.
Upon the facts, as found by the referee, the judgment is correct. In such a case, after the affirmance of the judgment by the General Term, the only questions open for review, other than those arising upon exceptions taken to the rulings of the referee during the trial, are, whether the referee has found any fact, in the absence of any evidence tending to sustain it, or refused to find any material fact which was conclusively proved.
In this case, the policy provides that any misrepresentation, or concealment, or fraud, or false swearing in any statement or affidavit, in relation to loss or damage, shall forfeit all claims by virtue of the policy, and shall be a full bar to all remedies upon the same. The counsel for the appellant excepted to the refusal of the referee to find that the insured had made a fraudulent misrepresentation to the company, as to the amount of damage to a piano, in consequence of the fire, and to his refusal to find that he had made a like misstatement to the company as to the value of certain potatoes destroyed. It must be kept in mind that these questions are to be considered and determined by a different rule in this court than that governing the General Term. The law gives but one appeal upon questions of fact determined by a referee, except when a hew trial upon an error *569 of fact has been granted, and that is to the General Term of the Supreme Court, whose duty it is to examine and determine whether the decision of the referee is in accordance with the weight of evidence and the truth of the case. The decision of the General Term is conclusive upon the parties. An appeal upon questions of law only is given to this court, with the single exception above stated. Upon the appeal here such questions only can be reviewed. It has been repeatedly held by this court that the finding of a fact, without any evidence to sustain it, and the refusal to find a fact conclusively proved by the evidence, were errors of law, and as such reviewable here. Applying the rule to the present case, it is impossible to say that it was conclusively proved that a fraudulent misrepresentation was made by the plaintiff in respect to the value of the potatoes, or the damages to the piano. As to the latter, the plaintiff in the affidavit specifying his loss, which was presented to the company, estimated the damages to the piano at $150. The proof tended to show that the plaintiff did not know, and, at the time, could not ascertain the true amount, but believed it was somewhat less than that stated. That his lawyer, who prepared the papers, advised him to put it as an estimate at the amount inserted, and that from that the company would understand it was uncertain and the subject of future investigation. That the plaintiff, in good faith, acted upon this advice, but had no intent in so doing to defraud or in any way injure the defendant. As to the value of the potatoes, the referee finds that the market value was overstated, but further finds that they were an assorted lot, selected for family use by the plaintiff, and were valued by him as such. Besides, the proof shows that the quantity of the potatoes lost was considerably understated. This repels any design to defraud the defendant in respect to them.
But the more difficult question in the case is whether the policy became void by a breach of warranty by the plaintiff, that the farm, with the buildings thereon, which were insured, and upon which the personal property insured was *570 situate, were worth $14,000. The plaintiff made a written application to the defendant for the insurance of the property, in which it was stated that the farm and buildings were worth that sum, and that they were incumbered $8,000 by mortgage. The referee finds they were, at the time, worth not less than $10,000 nor more than $12,000. It would follow that, if this application is referred to in the policy, and therein declared to be a part thereof, it became a part of the contract and was a warranty by the plaintiff; and the finding, showing that it was broken, the policy was void, and no recovery could be had unless the difficulty was in some way obviated. (Jennings v. The Chenango Co. M. Ins. Co., 2 Denio, 75; Burritt v. Saratoga Co. M. F. Ins. Co., 5 Hill, 188; Ripley v. The Ætna Ins. Co., 30 N. Y., 136.)
Upon trial, the plaintiff gave evidence, and the referee found that one Price, an agent for the defendant to receive applications for insurance, filled out the application by inserting the answers of the plaintiff to printed inquiries contained in the application. That the plaintiff answered that the buildings and farm, together with the personal property, he wished to get insured by the policy, were worth that sum, but that the agent, by mistake, inserted that as the value of the farm and buildings, and that the plaintiff signed the application without discovering the mistake, and that the agent was himself at the time acquainted with the value of the property. The Supreme Court held, I think, correctly, that these facts brought the case within the principle upon which'this court decided Rowley v. The Empire Ins. Co. (36 N. Y., 550). It was there held that, when the agent of a company authorized to take applications for insurance in the company, and receive the cash percentage to be paid thereon, undertook, himself, to fill up the application, and, to enable him to complete it, procured certain information from the applicant, who signed the application in blank and delivered it to the agent, who promised to fill it up all right, but, in doing so, stated that there were no incumbrances upon the property, when, in fact, there was, of which the assured had informed the agent, *571 and this application" was thereafter presented to the company, and was made a part of the policy issued by the company based thereon, that the company could not avail itself of the breach of warranty; in brief, I understand the case as holding, that when an agent of an insurance company, authorized to take applications for insurance to be presented to the company as the basis for a policy, fills it up himself, although it is signed by the applicant, and presented to the company as his act, yet he is not to be held responsible for the statements it contains but only for any fraud he may have practiced upon the agent. The learned judge, in his opinion, page 552, says: “ That this is in conflict with the rule, as it has heretofore existed, is apparent.” He then cites Brown v. The Cattaraugus Co. Mutual Ins. Co. (18 N. Y., 385), and numerous other cases from the courts of this and other States and of England, which fully sustain his statement. The only case relied upon to sustain the conclusion of the judge in this complete and entire change in the law is, that of Plumb v. The Cattaraugus Co. Mutual Ins. Co. (18 N.Y., 392). This was decided by the same judges at the same sitting with Brown v. Same, defendant, and as the report shows immediately thereafter. In the latter, all the judges but one concurred, and in the former three dissented. It could hardly be expected that, upon examination, these cases would be found, as claimed by the learned judge, in direct conflict, nor do I think they are so. In the latter, it was held that where an agent of an insurance company was authorized by the company to make surveys and measurements when necessary, in cases of applications for insurance, presented to the applicant a survey, showing the requisite measurements, and assured him that they were all correct and all that were necessary, and they were thereupon inserted in the application, that the company was estopped from showing the incorrectness of the survey. The opinion shows that the only question considered was whether the case was one justifying the application of the doctrine of estoppel in, pais to the company. Five of the judges held it was. Rowley v. The *572 Empire Ins. Co. involved no question of estoppel strictly. The agent of the company had no authority to fill out the applications, but only to receive and forward them to the company. The application was to be made out by the party desiring insurance and delivered to the agent, by whom it was to be forwarded to the company. If the latter filled it out, I can hardly see how it can be said that in so doing he acted as the agent of the company. Besides, the application was signed in blank by the applicant, and in that form delivered to the agent for him to complete, which he did, and forwarded to the company. I see nothing in Plumb v. Cattaraugus Co. Mutual (supra), showing that the defendant was estopped under such circumstances, and I think it would be a little difficult to show upon what ground such estoppel was based. I do not understand the judge as disposing of the case upon the ground of an estoppel, but that the filling up of the application by the agent is regarded as done by the company, which is accordingly bound by it, as it is, and can derive no benefit from any misstatement, provided the applicant is free from fraud, the learned judge concluding that such would be a better rule, and more conducive to justice between parties to this class of contracts than that previously - adopted by the courts. While it was entirely proper for the General Term to rest its judgment upon this case, yet I think it the duty of this court, as it is confessedly in conflict with the previous cases, to reconsider and reaffirm it if deemed sound, or reverse or qualify it if found otherwise.
Having come to the conclusion that the case was not decided in accordance with law, I have examined to see if there was any other ground for sustaining the judgment in the present case. The application concludes as follows: “ And the applicant hereby covenants and agrees that the foregoing valuation, description and survey are true and correct, and they are submitted as his warranty and a basis for the desired insurance.” Tet no part of this application can be regarded as a warranty unless made so by the contract of *573 insurance. To do this the same stipulations must be inserted in the contract, or, if not so, the paper containing them must be referred to and adopted, so as to become a part of the contract. (Burritt v. Saratoga Co. M. F. I. Co., 5 Hill., 188, and cases cited; Jennings v. Chenango Co. M. I. Co., 2 Denio, 75; Chaffer v. Catt. Co. M. I. Co., 18 N. Y., 376.) The reference to the application in the policy is as follows: “To the amount of $4,500 on the following property, as described in application and survey, bearing even date and number herewith.” This does not adopt any part of the application in the contract except the description of the property. It only refers to it for that purpose. There was, therefore, no warranty as to the value of the farm and buildings embraced in the contract. When not adopted and made the basis of the contract, so as constitute warranties, they are to be treated as representations as to which the inquiries are, first, were they material to the risk assumed ? if not, there is an end of that matter. If they were material, and untrue, the question is, whether they were made in good faith by the assured? If they were, the insured will not be prejudiced by them. But it is unnecessary to pursue this subject. Regarding the statements in the application as representations, there is no pretence of fraud in making them.
The conclusion that the statements in the application were not intended as warranties, but as representations, in this case, is fortified by the conditions attached and forming a part of the policy. Among those conditions are the following : “All applications for insurance must be made in writing, according to the printed terms prepared by the company. Applications must be made out by an authorized agent of the company, and the company will be bound by the survey, hut they will not in all cases he concluded by the agent’s valuation of the property.” This is entirely inconsistent with the idea that the application is regarded as a warranty of the facts stated by the assured. They provided that it shall be made by an authorized agent of the company, to the exclusion of all others, thus showing that the reliance of the company is upon the fidelity and *574 knowledge of its agent, and not upon the warranty of the assured. They provide that the company shall be absolutely bound by the survey, but not in all cases concluded by statements of value. This may explain why the application in this case was not made a part of the contract. It was not so, and therefore not a warranty. Upon this ground, the judgment must be affirmed, with costs.
All concur in result.
None of the other judges concur in that portion of the opinion questioning Rowley v. The Empire Ins. Co. (36 N. Y., 550).
Judgment affirmed.