The demurrer must also be sustained upon the ground of improper joinder of causes of action, based upon services rendered at the request of the defendants, and for them and each of them, and for the firm of West Bros., and setting forth items of account against George F. West in private matters.    See Harris v. Elliott, 29 App. Div. 568, 51 N. Y. Supp. 1012.    Such an action as this was not authorized by the order, and it cannot be maintained.

In view of the averment that in January, 1892, and for a long time prior and subsequent thereto, the lunatic resided in Syracuse, and the other circumstances stated, it is very doubtful that he resided in Erie county in July, 1893, when the committee was appointed; and, if he did not, the county court had no jurisdiction to make the appointment.    Code Civ. Proc. § 340, subd. 4.    But it will be presumed that the court lawfully acquired jurisdiction.    Van Deusen v. Sweet, 51 N. Y. 378.    I suppose the county judge believed that the property of the lunatic in the county gave jurisdiction, but that is not true.

In conclusion, it should be remarked that there is no real necessity for the bringing of an action for the allowance of compensation for services rendered the committee, to be paid from the funds or property in the custody of the court, since there is an adequate remedy by summary application to the court.    The proper course is to cause the committee, by citation or otherwise, to file an inventory and to render an account, etc.    Brasher v. Van Cortlandt, 2 Johns. Ch. 242; In re Otis, 34 Hun, 542; Code Civ. Proc. § 2342.    And since there may be some distinct items of the plaintiff's account that may be meritorious, and entitled to the favorable consideration of the court upon an accounting of the committee, let the final judgment that may be entered upon the demurrer be without prejudice to an application to the county court for an allowance.    The court having control of the final settlement of the committee's accounts ought to have control of the expenditures.

It appears, therefore, that the remedy of the plaintiff is not such an action as this; and it follows that the interlocutory judgment in favor of the demurring defendant should be affirmed, with costs.    All concur.

(33 App. Div. 60.)

McELWAIN v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Division, Fourth Department.    July 26, 1898.)

ACTION AGAINST INSURANCE COMPANY—RECOVERY OF PREMIUMS PAID.

A complaint to recover premiums paid on a life policy alleged the issuance to plaintiff of a policy in a certain sum, on the life of her husband, in consideration of the payment of certain premiums, and of "certain warranties and agreements contained in a written or printed application"; and alleged that plaintiff's husband signed no application, nor had any knowledge of how or by whom the application was made out; and that in consequence thereof the policy so issued was void; but that, before discovering that her husband had made no application for said insurance, she had paid to defendant premiums amounting to a certain sum, but had, as soon as she made such discovery, demanded a return of them, which was refused. *Held* that, as against a contention that the issuance of the policy waived the want of a formal application therefor, the complaint set forth a cause of action.

Appeal from Monroe county court.

Action by Sarah J. McElwain against the Metropolitan Life Insurance Company. From a judgment in favor of defendant, plaintiff appealed. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Harold C. Mitchell, for appellant.

Eugene Van Voorhis, for respondent.

PER CURIAM. This action was brought to recover the premiums paid by the plaintiff upon a policy of life insurance issued by the defendant upon the life of the plaintiff's husband, upon the ground that the insured had not signed the application for the policy, and had no knowledge of, and never consented to, such insurance. Issue was joined by the service of the defendant's answer, and upon the trial the plaintiff's complaint was dismissed for the reason that the facts stated therein did not constitute a cause of action. For the purposes of this appeal, therefore, all the allegations of the complaint must be treated as true, and these, briefly epitomized, are as follows, viz.: (1) That on the 8th day of June, 1891, the defendant issued to the plaintiff a policy of insurance whereby, in consideration of the payment of a premium of 25 cents per week, and of certain warranties and agreements contained in a written or printed application, it assumed to insure the life of her husband, Andrew McElwain, in the sum of $180; (2) that the plaintiff's husband signed no application for, and did not consent to, or have any knowledge of, such insurance, and that in consequence thereof the policy so issued was invalid; (3) that the plaintiff had no knowledge of how or by whom the application was filled in or made out; (4) that before discovering that her policy was invalid the plaintiff had paid to the defendant premiums amounting to $76; and (5) that, upon learning that her husband had never made any application for the insurance, the plaintiff demanded a return of the money so paid, which demand was refused by the defendant.

Unquestionably it would have been better practice for the pleader to have stated his facts with a little more particularity than he has done; but nevertheless, in view of the well-settled rule that the complaint will, in the circumstances of this case, be held to state all the facts which can be implied from its allegations by reasonable and fair intendment (Sage v. Culver, 147 N. Y. 241, 41 N. E. 513; Spies v. Michelsen, 2 App. Div. 226, 37 N. Y. Supp. 720), we think it sufficiently explicit to entitle the plaintiff to prove the contract of insurance, and if, upon such proof, it shall appear that the consideration therefor was certain warranties and representations of the insured, which in fact were not made by him, the plaintiff will have gone a long way towards proving a good cause of action. And, with these facts once established, we fail to see wherein the contract can be said to possess any validity; for, in the event of the death of the party whose life was supposed to have been insured, the defendant would certainly have the right to interpose, as a defense to an attempt to enforce the contract, the fact that the same was in-

valid by reason of the failure of the insured to sign a proper application, and, in the absence of any waiver by the defendant of such omission, a defense of that nature would probably prevail.

It is contended, however, that the defendant has expressly waived strict conformity to the requirements of its contract of insurance by issuing a policy without any formal application having been made therefor, and it was upon this theory, as we understand it, that the complaint was dismissed by the learned trial court. It is certainly true, as we have already had occasion to hold, that the rule which this defendant has adopted requiring an application for insurance to be personally signed by the person whose life is to be insured, as a condition precedent to the issuing of a policy, is a detail of the business, which may be waived by the insurance company (Wells v. Insurance Co., 19 App. Div. 18–25, 46 N. Y. Supp. 80); but in the case cited we held that it had been waived by the acts of the company, and it is not impossible that in the present action the defendant may be able to prove a similar state of facts, and thus defeat the plaintiff's recovery. Waiver, however, is a matter of defense, and must be established, as any other defense, by proof or concession. There is, of course, no proof of it as yet in this case, and we fail to find anything in the plaintiff's complaint which can be reasonably regarded as an admission of that fact. Our conclusion, therefore, is that the complaint does set forth a cause of action, and that the order of the trial court dismissing the same was error which requires a reversal of the judgment appealed from.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.