### McELWAIN v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Division, Fourth Department. March 21, 1900.)

INSURANCE POLICY—VALIDITY—RETURN OF PREMIUMS PAID.

    In an action to recover premiums paid on a life policy, plaintiff alleged the issuance of a policy on the life of her husband, and that after paying certain premiums thereon she was advised that the policy was void, because not issued on the application of "the person whose life is to be insured," as required by the rules of the company. The evidence showed that defendant company had not declared the policy void, but had written plaintiff that it was willing to continue it, and pay it at death, and there was no evidence that defendant did not know at the time the policy was delivered that it was issued without the application required. *Held*, that defendant had waived the want of a formal application for the policy, and that it was valid, and plaintiff was not entitled to a return of premiums paid.

Appeal from Monroe county court.

Action by Sarah J. McElwain against the Metropolitan Life Insurance Company. From a judgment for defendant and an order denying a new trial, plaintiff appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Harold C. Mitchell, for appellant.
John Van Voorhis & Sons, for respondent.

WILLIAMS, J.   The action was brought to recover premiums paid by plaintiff upon a policy of insurance issued by the defendant upon the life of the plaintiff's husband.   The ground upon which the plaintiff sought to recover was that the policy was void, and had been so since it was issued, and the defendant, never having been liable upon the policy, was not entitled to receive or retain the premiums so paid.   The policy was issued June 8, 1891.   The premiums were payable 25 cents a week, and were paid until April 3, 1897, when the plaintiff was advised of the invalidity of the policy, and made claim for the return of the premiums so paid.   The defendant alleging the validity of the policy, and refusing to repay the premiums, this action was commenced.

The policy, by its terms, was issued in consideration of the warranties and agreements in a printed and written application for such policy, respecting the person whose life was insured, which application was referred to and made a part of the policy.   A premium receipt book was issued with the policy, containing rules and regulations of the company, wherein it was provided, among other things, that an application would not be accepted upon the life of a husband for the benefit of his wife unless the husband understood and consented to the insurance, and that the application must be personally signed upon its face by the person applying for the insurance, and upon the back by the person whose life is to be insured; and that, if a policy was issued in violation of these provisions, it was without the knowledge or consent of the company, by the wrongful act of the applicant, and in fraud of the company, and all premiums paid thereon after the issue of the receipt book would be forfeited to the company, and the policy so obtained would be null and void.   The evidence showed that no written or printed application for the policy was ever made by the plaintiff, but that the policy was issued upon her parol application; that her husband never knew of the insurance until the commencement of this action, never signed any application on its back, and never consented to the insurance in any way.   The policy, under these circumstances, was issued by the defendant, and delivered to the plaintiff, and the premiums thereon were paid by the plaintiff to the defendant, for nearly six years, and, when the attention of the defendant was then called to the alleged invalidity of the policy, the reply was that it had not declared the policy invalid, and that it was willing to continue the insurance, and to pay the policy at death.   The plaintiff, upon this undisputed evidence, claims that the policy was void at the time it was issued, and has been void ever since.   We cannot assent to this proposition.   It will be remembered that there is no question here as to a delivery of the policy by an unauthorized agent. So far as appears, the policy was delivered by the defendant itself. Now, is there any question here as to the signing of an application personally by the applicant or the person whose life it insured? There was here no written or printed application of any kind, and we must assume that the defendant had knowledge when it issued the policy that there was no such application, and no consent to the insurance by the person whose life was to be insured.   This being

so, the defendant waived the application and consent. It had the legal power to make such waiver, and to issue a valid policy without the application and consent. When this case was before this court upon a former appeal (33 App. Div. 60, 53 N. Y. Supp. 253), the complaint had been dismissed for the reason that the facts stated therein did not constitute a cause of action, and this court then held that the judgment should be reversed, because the question of waiver was a matter of defense, and could only be established by proof or concession. This court was then of the opinion that the rule adopted by the defendant, requiring an application for insurance to be personally signed by the person whose life was to be insured as a condition of the issuing of a policy, was a detail of the business which might be waived by the insurance company; citing Wells against this defendant (19 App. Div. 18, 25, 46 N. Y. Supp. 80). The same must be true as to the requirement of a written or printed application. It was a detail of the business, and might be waived. There was no law requiring an application for a policy to be written or printed, or requiring any particular statements to be made in such application, as a basis for the issuance of the policy. It was a matter of regulation and requirement by the company, and if the company saw fit to issue this policy without such an application, and to receive the premiums thereon year after year, it had the legal right to do so, no question of authority in an officer or agent being raised. Questions of a similar nature have frequently arisen in fire insurance cases, where policies have been claimed as void by reason of failure to comply with the rules and regulations established by the companies, and it has uniformly been held that a company could not defeat a recovery upon a policy by proving the existence of facts which would render the policy void, when the company itself had full knowledge of the facts at the time the policy was issued; that it would be presumed, if anything was omitted which was necessary to make the policy valid, it was by mistake, or was waived, or the company was estopped from setting it up against the policy. McNally v. Insurance Co., 137 N. Y. 389, 33 N. E. 475; Forward v. Insurance Co., 142 N. Y. 382, 37 N. E. 615, 25 L. R. A. 637; Wood v. Insurance Co., 149 N. Y. 382, 44 N. E. 80; Robbins v. Insurance Co., 149 N. Y. 477, 44 N. E. 159; Gray v. Insurance Co., 155 N. Y. 181, 49 N. E. 675; Thebaud v. Insurance Co., 155 N. Y. 516, 50 N. E. 284. The policy in question was, under the circumstances shown by the evidence in the case, a valid policy, and binding upon the defendant from the time of its issue. The defendant carried the insurance upon the life of the plaintiff's husband for the benefit of the plaintiff for six years, and earned the premiums paid therefor, and the plaintiff is not entitled to recover them back.

The case was properly disposed of by the trial court, and the judgment and order appealed from should be affirmed, with costs. All concur.