AUGUSTUS E. STAGE, Respondent, *v.* THE HOME INSURANCE COMPANY OF THE CITY OF NEW YORK, Appellant.

*Insurance — the knowledge of other insurance by an agent issuing a policy is a waiver of a condition therein against it — effect of such other insurance being renewed when the policy therefor expired.*

The knowledge of the local agent of an insurance company, when issuing a fire insurance policy containing the following clause: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy," that the property was covered by two other policies issued by another insurance company, is the knowledge of his principal and operates as a waiver of the quoted provision of the policy.

Such policy is not rendered void by the issuance by the other insurance company, upon the expiration of one of its policies, of a new policy identical in form and amount, in renewal or extension of the expired policy.

APPEAL by the defendant, The Home Insurance Company of the City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 27th day of January, 1902, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 28th day of January, 1902, denying the defendant's motion for a new trial made upon the minutes.

*Horace McGuire,* for the appellant.

*Moses Shire,* for the respondent.

SPRING, J.:

This is an action to recover on a fire insurance policy issued by the defendant to the plaintiff. On the 11th of June, 1900, the plaintiff owned a stock of goods in a store in the town of Crittenden, in the county of Erie, and the same was insured in the Queens and Suffolk Insurance Company in the sum of $2,800, represented by three policies, one for $800. At that time the local agent of that company at Corfu, near Crittenden, at the direction of the home company, canceled the policy of $800 and, at his request to the local agent of the defendant, the policy in suit was issued in lieu of the one canceled. At the time of the issuance of this policy by the defendant its local agent was apprised of the existence of the policies of insurance in the Queens and Suffolk Company. One of these policies expired December 11, 1900, and another, identical in form and amount, was issued by the same company in renewal or extension of the one terminating. On the 1st day of April, 1901, and while the policy in controversy was apparently in force, the goods insured were totally destroyed by fire, and the defendant is resisting payment.

The gist of the controversy arises over this provision in the policy: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."

The knowledge of the local agent of the existence of the out-

standing policies was the knowledge of the defendant and was tantamount to a waiver of the quoted clause in the policy. (*Robbins* v. *Springfield Fire Ins. Co.,* 149 N. Y. 477; *Forward* v. *Continental Ins. Co.,* 142 id. 382; *Skinner* v. *Norman,* 165 id. 565, 569.) If the defendant knew of the other insurance when it entered into its contract with the plaintiff and accepted the premium from him it cannot now after his goods have been burned escape payment on the ground that its knowledge was not evidenced by a written indorsement on the policy or other written waiver. (*Thebaud* v. *Great Western Ins. Co.,* 155 N. Y. 516; *Wood* v. *American Fire Ins. Co.,* 149 id. 382; *McElwain* v. *Met. Life Ins. Co.,* 50 App. Div. 63, 65; *Sternaman* v. *Met. Life Ins. Co.,* 170 N. Y. 13, 23.)

Each contract involved was a standard policy and contained a clause that the policy " may by a renewal be continued." The appellant's counsel insists that by accepting a new policy instead of a renewal certificate extending the same, the policy in suit was vitiated. We apprehend this position is too narrow to be successfully maintained. The defendant knew that, as part of its contract, the plaintiff was permitted to continue each policy in force. Whether in form that extension was by a certificate renewing it or by another policy precisely like the one expiring is of no importance. By either method the contract was exactly the same. The controlling feature here is that the second policy in fact was a renewal or continuation of the prior insurance.

In *Pitney* v. *Glens Falls Ins. Co.* (65 N. Y. 6) there was a clause in the policy as follows : " If any other insurance has been or shall hereafter be made upon the said property and not consented to by this company in writing hereon,  *  *  *  then and in every case this policy shall be null and void." A new policy was issued, in effect renewing the one running out. It was contended in that case that the renewal was a new contract invalidating the policy issued by the defendant. The court held otherwise, using this language (at p. 26) : " A renewal is in one sense a new contract, but it is not ' other' insurance within the meaning of the policy. It is but a continuation of an existing insurance. It would be in the highest degree inconvenient to hold that notice must be given on every renewal to other insurers on the theory that it was a new insurance.

If the notice of the original insurance is properly given, it must be held to continue through all true renewals of it."

In *Brown* v. *Cattaraugus County Mutual Ins. Co.* (18 N. Y. 391) the like principle was enunciated, and in that case nearly three weeks intervened the expiration of. the policy and the taking of the new one, which was in·fact proved to be in renewal of the former insurance. There is no substantial difference between the clause quoted from the standard policy and that which was the subject of review in the cases cited, and they are consequently decisive of the question now under consideration.

The judgment should be affirmed, with costs to the respondent.

MCLENNAN, WILLIAMS, HISCOCK and DAVY, JJ., concurred.

· Judgment and order affirmed, with costs.