Appeal from Trial Term, Montgomery County.

Action by George L. Merkley against Raymond L. Cline. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, SEWELL, and BETTS, JJ.

Edward R. Hall, for appellant.

George C. Butler, for respondent.

PER CURIAM. The action is for malicious prosecution. The plaintiff was arrested and taken before a magistrate, and after examination was held to await the action of the grand jury. Aside from the damages suffered by the plaintiff, the principal question litigated was the existence of probable cause for the arrest of the plaintiff.

[1, 2] At the close of the charge, the defendant's counsel asked the learned trial court to instruct the jury "that the fact that the justice held the plaintiff to await the action of the grand jury is presumptive evidence of probable cause." This was refused and an exception taken.

It is expressly held in Schultz v. Greenwood Cemetery, 190 N. Y. 276, 83 N. E. 41, that the holding of a plaintiff in an action for malicious prosecution, by a magistrate, after examination into the facts, to await the action of the grand jury, is prima facie evidence of probable cause for prosecution.

The language of the request was that it was "presumptive evidence" of probable cause. Strictly speaking, "presumptive" evidence has a broader significance than "prima facie" evidence; but as ordinarily used the terms have practically the same meaning. The law gave to the defendant, notwithstanding the plaintiff was obliged to prove want of probable cause, such benefit upon that issue as might flow from the fact that a magistrate after examination had held the plaintiff to await the action of the grand jury. The request to charge being substantially correct in form, we think it was such error to refuse it as requires a reversal of the judgment.

The judgment and order reversed, and new trial granted, with costs to appellant to abide the event.

---

HALL v. PRUDENTIAL INS. CO. OF AMERICA.

(Supreme Court, Trial Term, Onondaga County. June, 1911.)

1. MONEY RECEIVED (§ 17*)—COMPLAINT—PROOF.

In actions for money received, the complaint must allege the actual transactions between the parties, so that the court can see that defendant has money which belongs to plaintiff, and the proofs must show that defendant has failed to account for the moneys, and has refused to return the same on demand.

[Ed. Note.—For other cases, see Money Received, Cent. Dig. §§ 54–58; Dec. Dig. § 17.*]

2. INSURANCE (§ 198*)—VALIDITY OF POLICY—RECOVERY OF PREMIUMS.

Where decedent and her husband voluntarily paid premiums to defendant on a policy on the life of E., in which they had no insurable interest, there could be no presumption of fraud on the part of defendant's agents, or mistake on the part of decedent and her husband, sufficient to justify a recovery of the premiums as money received to their use; it not appearing that the policy was void at all events.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 457–467; Dec. Dig. § 198.*]

3. INSURANCE (§ 198*)—PREMIUMS—PAYMENT—CONSIDERATION.

Where defendant insurance company carried the risk involved in a policy for some years, and, in case the insured had died, would have been compelled to pay the amount thereof to his estate or to decedent, under an option clause in the policy, the payment of premiums by decedent, who had no insurable interest in insured's life, was not without consideration.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 457–467; Dec. Dig. § 198.*]

4. INSURANCE (§ 198*)—POLICY—VALIDITY—INSURER'S OBLIGATION.

Where a policy on insured's life was issued pursuant to an application made by assured and an examination without intent to accept the policy, but merely to assist one of the insurer's agents to increase the number of his applications in order to obtain a promotion, but the premiums on the policy after it was issued were paid by decedent or her husband, though they had no insurable interest in insured's life, the policy was enforceable against insurer either for the benefit of insured's estate, had he died, or payment might have been made under a provision authorizing the company to pay to any person appearing to be equitably entitled by reason of having incurred expense in any way in behalf of insured, etc.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 198.*]

5. INSURANCE (§ 198*)—DELIVERY OF POLICY—ESTOPPEL—RECOVERY OF PREMIUMS.

Premiums voluntarily paid on a policy could not be recovered on the theory that the policy was never delivered to assured, since, if the insurer did not know that the policy had never been delivered and acted in good faith, it would be protected, and, if it knew the facts and received and continued to receive the premiums, it would be estopped from asserting as against the person paying them that the policy was unenforceable for lack of insurable interest on the part of the payor.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 198.*]

6. INSURANCE (§ 590*)—INSURABLE INTEREST—PAYMENT OF PREMIUM—LIEN.

One voluntarily paying premiums on a policy on the life of one in which he has no insurable interest may by proper action establish a lien against the policy to the extent of the premiums so paid.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1482; Dec. Dig. § 590.*]

Action by Richard Hall, as executor, etc., of Sarah A. Hall, deceased, against the Prudential Insurance Company of America, to recover $262.48 as premiums claimed to have been paid by testatrix to defendant on a policy issued by it November 2, 1903, on the life of one Horace M. Ellis. Judgment for defendant.

John W. Shea, for plaintiff.
Wilson, Cobb & Ryan, for defendant.

PURCELL, J. The proofs given on the trial show that on October 26, 1903, one Horace M. Ellis, of the city of Syracuse, N. Y., at the

solicitation of one of the defendant's agents, made an application in writing for the policy in question, and on October 31st next following he was duly examined by one of the defendant's medical examiners, who certified as to the risk. Both the application and the examiner's report were signed by Ellis. Before Ellis signed the said application or was examined, he stated to defendant's agent that he did not want any insurance, and the agent replied that he was desirous of getting a certain number of applications before a certain day in order to get a promotion, and, if the application should be made, Ellis would never hear of the matter again, and no policy would be issued to him.

Sarah A. Hall, the deceased, was a resident of the said city at the time the application of Ellis was made and resided there with her husband, Richard Hall, until her death in the month of January, 1911. Upon her death there was found among her papers a policy of the defendant for $500 upon the life of Ellis and two premium books showing that there had been paid upon the said policy to the defendant's agent or agents the said sum of $262.48, and the inference is fair that the policy at about its date, November 2, 1903, was delivered to the said deceased with a premium receipt book, and that payments were regularly made by the deceased upon the said policy from week to week until the book was filled when another one was delivered to her in which payments were entered down to the time of her death. After her death, the plaintiff, having been appointed her executor, continued payments of premiums for the period of four weeks. Shortly after the last payment the plaintiff made demand upon the local superintendent of the defendant for the return of the moneys that had been paid, which was refused, the defendant claiming that the policy was a valid one.

At the time said policy was issued Ellis, the assured, was not related to Mrs. Hall, the deceased, and was in no way indebted to her.

One of the provisions of the policy reads as follows:

"2. Facility of Payment—The company may make any payment provided for in this policy to any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense in any way on behalf of the insured, for his or her burial or for any other purpose, and the production by the company of a receipt signed by any or either of said persons or of other sufficient proof of such payment to any or either of them shall be conclusive evidence that such benefits have been paid to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied."

It is urged by the learned counsel for the plaintiff that, as the plaintiff's deceased wife had no insurable interest in the assured, the policy never had any legal inception, that the application for it was not made in good faith, and that it was issued solely for the benefit of the defendant and its solicitors to enable it or them to obtain money from the deceased without any consideration therefor, and that recovery can be had as for moneys had and received. Many authorities are cited to sustain this proposition, but an examination of them does not satisfy me that his contention is well founded. The complaint contains no allegations of fraud or mistake, but, even if so, the plaintiff doubt-

less would have failed in that respect, for the reason that the deceased is not here to tell exactly what the transaction was with the person or persons who delivered to her the policy and received payments of premium thereon.

[1] In actions for money had and received, the complaint must set forth the actual transaction between the parties, so that the court can see that the defendant has money which belongs to the plaintiff, and the proofs must show that the defendant had failed to account for the moneys and refused to return the same upon demand therefor.

[2] Here, so far as the proofs show, Mrs. Hall voluntarily paid the moneys in question without any mistake on her part or fraudulent representations on the part of the agent or agents of the defendant. No other presumption can be indulged in because both mistake and fraud like other facts must be proved, and cannot be surmised or inferred from transactions or circumstances of doubtful meaning or concerning which there are no proofs at all. It may well be that Mrs. Hall was imposed upon, but at the same time instead all the facts may have been truthfully represented to her, and this in the absence of proof the law will presume.

[3] It is also urged that payments by Mrs. Hall were without consideration. To this I cannot agree. The defendant carried the risk during the period mentioned, and in case Ellis had died it would without doubt have been obliged to pay to his estate, or it might have paid to Mrs. Hall under the option clause quoted. It is said, however, that under this option clause payment could not be enforced by one situated as Mrs. Hall was, but Wokal v. Belksy and this defendant (53 App. Div. 167, 65 N. Y. Supp. 815), seems to be an authority to the contrary.

[4] The policy unmistakably insured the life of said Ellis with the option of making payment as stated, and, upon the death of Ellis, the amount of the policy would be payable to his estate, and could be enforced by it unless the defendant had made payment to Mrs. Hall or some other person under the "optional or facility of payment" clause. Judge O'Brien, in delivering the opinion of the court in the Wokal Case cited, in speaking of the optional clause, said:

"The right granted is distinctly an option to be exercised under certain conditions, but not to be used to defeat the purposes of the insurance, it being a general rule that an obligation of an insurance company cannot fail for want of a particular payee"—citing Walsh v. Mutual Life Ins. Co., 133 N. Y. 408, 31 N. E. 228, 28 Am. St. Rep. 651.

Further writing, he said:

"The defendant must by the terms of the policy pay the amount of it to such person as has become entitled to it by reason of having incurred expense on behalf of the insured or for his burial."

It is therefore clear that the defendant in case of the death of Ellis might pay to Mrs. Hall or to her executor the amount of money paid to keep the policy in life, and it would seem would be obliged to make payment upon proofs being furnished that the premiums were paid by the deceased or her legal representatives. To the same effect are the cases of Thompson v. This Defendant, 119 App. Div. 666, 104 N. Y.

Supp. 257, and Cohen v. John Hancock Mutual Life Insurance Company, 135 App. Div. 776, 119 N. Y. Supp. 850.

[5] I think, further, that the contention that as the policy was never delivered to the assured, and is therefore void, cannot be sustained. The application was regular in form, and the defendant presumably upon the faith of it issued its policy. If it did not know that it was not actually delivered to the assured, it acted in good faith and should be protected; while, if it knew the facts, received and continued to receive premiums from Mrs. Hall, it would, I think, be estopped from defending as against her or her legal representatives on the ground that she had no insurable interest in the assured. Coulson v. Flynn, 181 N. Y. 62, 66, 73 N. E. 507. Discussion of this point, however, is unnecessary, and, be it as it may, I think the plaintiff cannot have applied or enforced here the doctrine of money had and received for which he contends.

[6] Beyond what has been said, I am of opinion that upon the death of Ellis, the assured, should the policy be then in force and the defendant refused payment, the plaintiff could by proper action establish a lien against the policy to the extent of the premiums paid by him and his deceased wife. Morgan v. Mutual Benefit Life Ins. Co., 132 App. Div. 455, 116 N. Y. Supp. 989; Nolan v. Prudential Ins. Co., 139 App. Div. 166–168, 123 N. Y. Supp. 688.

Further discussion of the questions raised on the argument I deem unnecessary, since I have arrived at the conclusion that the policy in question having been regularly applied for and issued it duly attached, and having attached, the law seems to be settled that premiums paid cannot be recovered at law. McElwain v. Met. Life Ins. Co., 50 App. Div. 63, 63 N. Y. Supp. 293.

The plaintiff's complaint is therefore dismissed with costs. Findings may be prepared accordingly.

