**Anna B. THOMAS, Appellant,**

**v.**

**Florence J. FARLEY, Individually and as administratrix of the Estate of Joseph E. Farley, and The Prudential Insurance Company of America, Respondents.**

**No. 25933.**

Missouri Court of Appeals,
Kansas City District.

Dec. 4, 1972.

Donald F. Price, Kansas City, for appellant.

William C. Partin, Kusnetzky & Partin, Kansas City, of counsel, for respondent, Florence J. Farley.

John C. Thurlo and Michael H. Maher, Swanson, Midgley, Eager, Gangwere & Thurlo, Kansas City, of counsel, for respondent, Prudential Ins. Co. of America.

Before SHANGLER, Chief Judge, and PRITCHARD and WASSERSTROM, JJ.

PRITCHARD, Judge.

The dispositive issues are whether Anna B. Thomas, the former spouse of Joseph E. Farley, deceased, is (1) entitled to the death benefit proceeds of a paid-up whole life policy issued by The Prudential Insurance Company of America on Joseph's life on February 10, 1930, or alternatively, (2) whether Anna is entitled to be reimbursed for her payments of the weekly premiums of eighty-four cents to keep the policy alive "in the reasonable expectation of being the beneficiary of it."

Motions for summary judgment were directed against Anna's petition by Florence J. Farley individually and as administratrix of Joseph's estate and by Prudential. These motions were sustained by the trial court. Prudential also filed a cross-claim against Florence individually and as administratrix, asking for judgment against her for any amount which might be found to be due Anna B. Thomas from Prudential. Florence filed a motion for summary judgment as to Prudential's cross-claim which was also sustained and Prudential did not file a notice of appeal from that judgment against it.

Anna and Joseph were married on January 14, 1930. On February 3, 1930, Joseph, then 38 years of age, made application to Prudential for a $1,000.00 Whole Life policy, with a weekly premium of eighty-four cents. The name of a beneficiary was not specified in the blank space provided in the application, and on February 10, 1930, Prudential issued its policy No. 81 143 741 on Joseph's life. Anna and Joseph were divorced on November 21, 1939. Thereafter, Joseph married Florence, but they were separated between 9 and 10 years prior to his death on September 8, 1964. At all times during the marriage of Anna and Joseph, as alleged by her, she paid the weekly premiums on the policy, and after separation up until March 15, 1962, at which time the policy became paid up in full. The total of premiums paid by Anna was "$1,300.00 more or less." According to Anna's deposition testimony, Prudential's agent, Armstrong, wrote the instant policy. Agent Orlando was collecting premiums when Joseph and Anna separated, and until she married the second time, at which time Agent Gilchrist was collecting the premiums. At that time Anna had a conversation with Gilchrist about the policy: "I told him that we were divorced, and it was a policy that I had on my first husband, and I wanted to know about the insurance policy, about if I could retain the policy, and he said, 'Yes,' as long as I paid the premium, and he asked me if I had the policy, and I told him I did have. * * * I wanted to know about paying the premium on the policy to him, if I could collect if anything happened to Mr. Farley, and he said, 'Yes,' as long as I paid the premiums and I held the policy, that I could." All subsequent agents to Gilchrist told Anna that so long as she held the policy, and paid the premiums, they would pay nobody but her. When the policy was paid up, Prudential so noted that fact on it and returned it to Anna.

On September 14, 1964, Anna submitted the proof of death of Joseph to Prudential. On November 2, 1964, it informed Anna by letter that payment on the policy was being withheld because there was no named beneficiary, and that it had been unable to obtain a release from Joseph's present wife (Florence), who was also making a claim. Further action was withheld by Prudential until it was presented

with a court order appointing an administrator or executor of Joseph's estate. Letters of administration were issued to Florence J. Farley on November 6, 1964. The inventory included only personal property: a 1962 Chevrolet Sedan valued at $850.00, and the proceeds of the instant policy, $1,726.96 on Joseph's life. The policy proceeds were paid to Florence as administratrix on December 4, 1964. Anna admitted that she did not pay Joseph's funeral bill, and it is not controverted that Florence arranged for the funeral and paid for the expenses thereby incurred.

The policy which was held by Anna and upon which she alleges she paid all the premiums specifies that upon proof of death of the insured, payment will be made to his executors or administrators, unless payment be made under the succeeding paragraph, "Facility of Payment," which provides payment may be made "to any relative by blood or connection by marriage of the Insured, or to any person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on behalf of the Insured, for his or her burial, or for any other purpose * * *." Payment of premiums could be paid to an authorized representative of the company with the requirement that they be entered at the time of payment in the "premium receipt book belonging with this policy." It was further provided that no agent had the power to make or modify the contract, "or to bind the Company by making any promise, or by making or receiving any representation or information." Anna never read the policy, she had little education; and she relied on the statements contained in the premium receipt books: "If you do not fully understand your policy, please ask your agent; If you do not fully understand your policy, please ask your agent to explain it; If there is anything you do not understand about your policies do not hesitate to Consult Your Agent."

Under all of the undisputed facts contained in the pleadings, interrogatories and depositions which were before the trial court, it did not err in rendering summary judgment against plaintiff upon the theory that she was entitled to the *proceeds* of the policy upon Joseph's death under the facility of payment clause. That clause is clear and unambiguous, and under ordinary circumstances, Prudential would have had the right to make payment under the preceding clause to the administratrix of Joseph's estate. See Jones v. Prudential Ins. Co. of America, Mo.App., 158 S.W.2d 209, 212[5] and cases cited. There are, however, in this case, fact issues present relative to Anna's claim for reimbursement of premiums paid by her on the policy, considered with special reference to the above "facility of payment" clause. The general rule is stated in 46 C.J.S. Insurance § 1180, pp. 89–90, "Such right to reimbursement also exists where the premiums are paid in good faith by one who reasonably supposes that he or she is the beneficiary or has an insurable interest, or where, having some interest or color of interest in the policy, he pays the premiums in order to keep it alive. * * *" See Fendler v. Roy, 331 Mo. 1083, 58 S.W.2d 459, where although the plaintiff did not sustain her burden of showing that the deceased was insane when he changed his beneficiary, the court held that she was entitled to be reimbursed for payments made to keep the policies alive; Middlesex County Welfare Board v. Motolinsky, 134 N.J.Eq. 323, 35 A.2d 463, where the court said, "Additional circumstances may exist which warrant the imposition of an equitable lien on the fund, such as (a) where the advancements are made pursuant to a contract with the beneficial owner of the policy; (b) where the assessments were paid by one who reasonably supposed he was the beneficiary; (c) where a person, not being the owner of a policy, nor bound to pay the premiums, but having some interest or color of interest in it, voluntarily pays the premiums thereon and thus keeps it alive for the benefit of a third party; * * *."; Feely v. Lacey, 133 Mont. 283, 322 P.2d 1104; Boffa v. Bove, 121 N.Y.S.2d 709, 712[4, 5]; and Gray v.

Bush, Tex.Civ.App., 430 S.W.2d 258, 267 [17]. Compare also Perry v. Perry, Mo., 484 S.W.2d 257, 260[8]; and Salisbury v. Vick, Ky., 368 S.W.2d 317, where a divorced wife was held to be entitled to recover from the proceeds of the policy all premiums paid by her with 6% interest from date of payment.

Analogous to what appears to be the factual situation here is Hall v. Prudential Ins. Co., 72 Misc. 525, 130 N.Y.S. 355 (Affd., 148 App.Div. 934, 133 N.Y.S. 1125). There the plaintiff, who was executor of deceased's estate, made demand upon defendant for the return of premiums paid by deceased on a life policy of one Ellis. The policy, and premium receipt books showing that $262.48 had been paid by deceased (Mrs. Hall) to defendant's agents, were found among her papers. Deceased was not related to Ellis and he was not indebted to her. As here, the policy contained a facility of payment clause, "The company may make any payment provided for in this policy to any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense in any way on behalf of the insured, for his or her burial or for any other purpose, * * *." The court held that under the *option clause defendant might have paid* Mrs. Hall or to her executor, and "it would seem would be obliged to make payment [of premiums paid] upon proofs being furnished that the premiums were paid by the deceased or her legal representatives." Loc.Cit. 130 N.Y.S. 358[4]. Following the Hall case is the annotation, 88 ALR 239, 241; and see also the many cases collected on the subject, 166 ALR 10, 91(XII), "Lien on or reimbursement from proceeds"; 2A Appleman, Insurance Law and Practice, Section 1168, p. 323, et seq.; and 6 Couch on Insurance 2d, Sections 31:176 and 31:177.

Under Anna's theory of entitlement to reimbursement of premiums paid by her this case is not one turning upon the au-

thority of a soliciting agent to modify the contractual terms of the policy. Rather, under the rationale of the Hall case, supra, and cases and authority following it, and considering also from what Prudential's agents told Anna, it is clear that she may be entitled to be reimbursed for her premium payments as an equitable claim. The knowledge of the agent(s) that Anna was no longer the spouse of Joseph, and the fact that she paid all of the weekly premiums on the policy and retained the same is of course the knowledge of the company. Upon Joseph's death and the making of a claim by Anna as against the claim of Florence, Prudential could not in good conscience await the appointment of Florence as administratrix of Joseph's estate and make payment to her as such with impunity. Prudential did not proceed by way of interpleader to have determined those adverse and conflicting claims, but chose to attempt to discharge its liabilities by paying the proceeds to the administratrix thus ignoring Anna's equitable right to reimbursement from the policy proceeds for premiums. By Prudential's disbursement to the estate, and the subsequent closing of administration and delivery of assets under Section 473.093, RSMo1959, V.A.M.S., Prudential may have put it beyond Anna's power in any effective way to reach by way of her equitable lien theory the proceeds of the policy paid by Prudential to the administratrix of the estate.

Anna's theory of reimbursement from policy proceeds poses in this case factual issues and matters which could not be determined on the pleadings, interrogatories, depositions and other documentary evidence which would bar her right of recovery as matters of law. The issues remaining are those of Anna's payments of the premiums under the policy, Prudential's knowledge of her equitable right to reimbursement therefor, and whether the trust funds are still available for reimbursement to Anna of sums equitably due her.

The judgment is reversed and the case is remanded for further proceedings against

Florence J. Farley, individually, and the Prudential Insurance Company of America upon the issue of Anna B. Thomas' entitlement to reimbursement for premiums paid by her upon the policy of life insurance.

All concur.

LAURENCE SMITH, J., not participating.