JENNIE M. WOOD, Respondent, *v.* THE AMERICAN FIRE INSUR-
ANCE COMPANY of Philadelphia, Pa., Appellant.

1. FIRE INSURANCE — PARTNERSHIP REALTY — ESTATE OF FIRM NOT
AFFECTED BY INDIVIDUAL ASSIGNMENT OF A MEMBER. An individual
assignment by one partner of his interest in the firm to a stranger, fol-
lowed by a sale by the assignee to a third party of whatever interest in
the firm property passed to him by the assignment, does not affect or
change the estate or interest of the firm in the partnership realty so as to
avoid a standard fire insurance policy thereafter issued to the firm, under
a condition therein that it shall be void if the interest of the insured shall
be other than unconditional and sole ownership.

2. WAIVER OF PROVISIONS OF POLICY BY GENERAL AGENTS. General
agents of a fire insurance company may waive stipulations and provisions
contained in its policy with respect to the conditions upon which it shall
have inception and go into operation as a contract between the parties, by
delivering it with knowledge of all the facts and receiving the premium.

3. RESTRICTIONS UPON POWER OF AGENT TO WAIVE CONDITIONS OF
POLICY. Restrictions inserted in a policy of fire insurance upon the power
of the agent of the company to waive any condition, unless done in a par-
ticular manner, cannot be deemed to apply to those conditions which
relate to the inception of the contract, when it appears that the agent has
delivered it and received the premium with full knowledge of the actual
situation.

4. CHANGE IN TITLE TO SUBJECT OF INSURANCE — SALE OF REALTY
ON EXECUTION. A sale of real estate upon execution does not, before
the expiration of the period allowed for redemption therefrom, avoid
a policy of fire insurance upon the real estate, under a condition that the
policy shall be void "if any change take place in the interest, title or
possession of the subject of the insurance, whether by legal process or
judgment, or by the voluntary act of the insured, or otherwise."

*Wood* v. *Am. F. Ins. Co. of Phila.*, 78 Hun, 109, affirmed.

(Argued April 14, 1896; decided May 26, 1896.)

APPEAL from judgment of the General Term of the
Supreme Court in the third judicial department, entered
upon an order made May 8, 1894, which affirmed a judgment
in favor of plaintiff entered upon a decision of the court on
trial at Circuit without a jury.

The nature of the action and the facts, so far as material, are
stated in the opinion.

*Michael H. Cardozo* and *Shedden & Booth* for appellant. The interest and title of the insured were changed within the express language of the policy issued January 9, 1891, and it thereupon became void, and at the time of the fire on March 31, 1891, was of no binding force or effect whatsoever. (*Walradt* v. *P. Ins. Co.*, 136 N. Y. 375.) The policy expressly provided that it should be " void if the interest of the insured be not truly stated herein," and the policy likewise provided that it should be void " if the interest of the insured be other than unconditional and sole ownership," and not "indorsed thereon," and the findings made by the trial court demonstrate that such was not the fact. (*Sanders* v. *Cooper*, 115 N. Y. 279 ; *Perry* v. *L. F. Ins. Co.*, 61 N. Y. 214 ; 16 U. S. Stat. 517 ; *Marquand* v. *N. Y. Mfg. Co.*, 17 Johns. 525 ; *Kennedy* v. *Porter*, 109 N. Y. 526, 549 ; *Ogden* v. *Arnot*, 29 Hun, 146 ; *Arnold* v. *Brown*, 24 Pick. 89 ; *Conrad* v. *Buck*, 21 W. Va. 396 ; Collyer on Part. § 102 ; Pars. on Part. § 305 ; Story on Part. § 307 ; Bishop on Insolv. Debt. § 127 ; *G. F. Ins. Co.* v. *H. Ins. Co.*, 144 N. Y. 195.) If the plaintiff had intended to rely upon a waiver by the defendant of any of the defenses set up in its answer, the complaint should have alleged the facts which established it. (*Oakley* v. *Morton*, 11 N. Y. 25 ; *Baxter* v. *B. L. Ins. Co.*, 44 Hun, 184, 185 ; *Elting* v. *Dayton*, 17 N. Y. Supp. 849.)

*T. F. Conway* for respondent. Plaintiff was clearly entitled to recover. She made out her case ; she proved the policy ; the title of the insured ; the loss ; that proofs of loss were furnished, and the assignment of the cause of action to her. (*McMaster* v. *Ins. Co. of N. A.*, 55 N. Y. 222 ; *Menagh* v. *Whitwell*, 52 N. Y. 146 ; 2 Lindley on Part. 340, 342 ; *Daby* v. *Ericsson*, 45 N. Y. 786 ; *Woodruff* v. *I. F. Ins. Co.*, 83 N. Y. 133 ; *Van Schoick* v. *N. F. Ins. Co.*, 68 N. Y. 434 ; *Haight* v. *C. Ins. Co.*, 92 N. Y. 51 ; *Berry* v. *A. C. Ins. Co.*, 30 N. Y. S. R. 53 ; *Richmond* v. *N. F. Ins. Co.*, 79 N. Y. 230 ; *White* v. *G. F. Ins. Co.*, 76 N. Y. 415 ; *Broadhead* v. *L. F. Ins. Co.*, 14 Hun, 452.) It is not true as a mat-

ter of law that plaintiff could not take advantage of the waiver arising from knowledge of facts had by defendant's agents at the time that the policy was issued without alleging the facts in the complaint. (*Baxter* v. *B. L. Ins. Co.*, 44 Hun, 184.)

O'Brien, J. The plaintiff recovered upon a policy of insurance, of which she was the assignee, issued by the defendant, upon a building used as a store, January 9, 1891, and which was destroyed by fire March 31, 1891. The only defenses interposed by the answer, which were proven and found at the trial, were: (1) That Wood Bros., a firm composed of six brothers, which owned the property and procured the insurance, had not, at the time, the sole and unconditional title or ownership of the property; and (2) that the property covered by the policy had been sold upon judgment and execution against the firm some days before the loss. The contract was made by means of what is known as the standard policy, which contained the condition that it " shall be void * * * if the interest of the insured shall be other than unconditional and sole ownership, or * * * if any change, other than by the death of an assured, take place in the interest, title or possession of the subject of the insurance * * * whether by legal process or judgment, or by the voluntary act of the insured or otherwise."

With respect to the defense first referred to, it appeared that in the year 1885 one of the individuals composing the firm made a general assignment of his individual property for the benefit of his creditors, and also of his interest in the firm. That in 1888 his assignee sold whatever interest in the firm property that passed to him by the assignment to a third party, and before the policy was issued had accounted and been discharged. The assignee had no accounting with the firm in order to ascertain what interest the assignor had, if any, in the surplus, if any, and no claim was ever made upon the firm for anything passing by the assignment. It appeared by the proofs and findings that the defendant's agents, who were, as may be fairly inferred, general agents, knew, at the time of issuing the policy and before, all the facts and circumstances

with respect to the individual assignment and the transfer of that interest as above stated.

The answer to the defense, based upon these facts, is two-fold : (1) That since the title to the real estate held by a partnership is in the firm and not in the individual members of it, the transfer of the interest of one of the members, before the insurance, had no effect upon the unconditional and sole ownership of the firm.   That an assignment by one partner of his share in the partnership stock simply transfers any interest he may have in any surplus remaining after payment of the firm debts and the settlement of the firm accounts.   Whether the purchaser of such an interest takes anything whatever by the transfer cannot be known until all the partnership affairs have been settled and adjusted.   (*Menagh* v. *Whitwell*, 52 N. Y. 146.)   The title to the real property, which was the subject of the insurance, was in the partnership firm, and was not affected by the assignment of one of the members.   It still remained firm property, since the assignee had no interest in it as such, and whether the sale or transfer by the individual member was anything more than a mere form, or conveyed anything to the assignee, must depend upon the existence of a surplus after the partnership affairs are adjusted.   It does not even appear in this case that there would then be any surplus to divide, though that circumstance cannot be regarded as material upon the question whether such a transfer by a member affects or changes the estate or interest which the firm has in the partnership realty.

(2) That general agents of an insurance company may waive stipulations and provisions contained in the policy with respect to the conditions upon which it shall have inception and go into operation as a contract between the parties, by delivering it with knowledge of all the facts and receiving the premium, has long been settled.   It is so obviously just that a party to a written contract should be precluded from defeating it by asserting conditions and stipulations contained in it which would prevent its inception and which he knew at the time he delivered it and accepted the benefits were contra-

vened by the actual facts, that any statement of the reasons upon which the rule rests is no longer necessary. The principle is not a new one and it has not been shaken by any decisions of this court made since the adoption of the standard policy. (*McNally* v. *P. Ins. Co.*, 137 N. Y. 389 ; *Forward* v. *Cont. Ins. Co.*, 142 N. Y. 382.)

The restrictions inserted in the contract upon the power of the agent to waive any condition, unless done in a particular manner, cannot be deemed to apply to those conditions which relate to the inception of the contract when it appears that the agent has delivered it and received the premiums with full knowledge of the actual situation. To take the benefit of a contract with full knowledge of all the facts and attempt afterwards to defeat it, when called upon to perform, by asserting conditions relating to those facts would be to claim that no contract was made and thus operate as a fraud upon the other party.

It appears from the findings that on the 20th of March, 1891, about ten days before the fire, the real estate which was the subject of the insurance was sold by the sheriff under an execution duly issued to him against the firm and a certificate of sale in due form delivered by him to the purchaser, one Aurelia O. Wood, and the remaining and perhaps most important question is whether this sale worked such a change in the interest, title or possession of the property as to avoid the policy within the meaning of the conditions to which reference has been made. In *Walradt* v. *Phœnix Insurance Company* (136 N. Y. 375) we held that when the subject of the insurance was personal property that the conditions of the policy were not violated by the mere levy of an execution upon the goods insured. The reasoning of that case, however, plainly leads to the conclusion that it would be otherwise in case the levy had been followed by a sale. The sale of personal property upon an execution divests the owner of his title to the property sold and transfers it to another. But what was said in that case with respect to the effect of a sale upon execution applies to personal property.

There was no question in the case with respect to the effect of a sale of real estate, and nothing was decided upon that question. The effect of a sale of real estate upon execution is declared by statute, and no other effect can be given to it. The judgment debtor, or his assignee, or his creditors, may redeem the same within fifteen months thereafter, and the right and title of the judgment debtor is not divested by the sale until the expiration of the period for redemption. (Code C. P. § 1440.) During that time the debtor is entitled to the possession and use or the rents and profits. At the time, therefore, that the property in question was destroyed by fire, the interest, title or possession of the insured had not been changed. The statute had operated to postpone the effect of the sale upon the interest, title or possession of the owners until the expiration of the period for redemption. In *Browning* v. *Home Ins. Co.* (71 N. Y. 508) the policy contained a provision that if the property be sold or transferred, or any change take place in the title or possession, then in either such case the policy shall be void. The insured entered into a contract in writing for the sale of the premises, and this court held that the conditions of the policy were not violated. It was said that an executory contract for the sale of the property without change of possession did not work a breach of the conditions against a sale or transfer or change in title or possession. That such a condition applies only to a legal transfer which divests the insured of title to or control over the property. Before we could assent to the proposition that in this case there was a breach of the conditions of the policy by the sheriff's sale we would be compelled to overrule numerous cases in this court which, in principle, decide otherwise. (*Baley* v. *Homestead Fire Ins. Co.*, 80 N. Y. 21 ; *Cone* v. *Niagara Fire Ins. Co.*, 60 N.Y. 619 ; *Haight* v. *Cont. Ins. Co.*, 92 N.Y. 51, 55 ; *Green* v. *Homestead F. Ins. Co.*, 82 N.Y. 517.)

The judgment must, therefore, be affirmed, with costs.

All concur, except Gray, J., who dissents upon the ground that the policy was avoided by the change of interest effected by the sale of the property.

Judgment affirmed.