[No. 3428.   Decided April 18, 1900.]

BROWNE NATIONAL BANK, *Appellant,* v. SOUTHERN IN-
SURANCE COMPANY, *Respondent.*

INSURANCE—CHANGE OF INTEREST—EFFECT OF JUDGMENT IN FORC-
IBLE DETAINER.

The judgment of ouster in an action of unlawful detainer, under Bal. Code, § 5542, which provides that when the lease has not by its terms expired, execution upon the judgment shall not be issued until the expiration of five days after its entry, within which time the tenant or other party interested in the continuance of the lease, may pay into court for the landlord- the amount of the judgment and costs, and thereupon the judgment shall be satisfied and the tenant restored to his estate, does not become complete until the expiration of the five days, nor effect such a change in the interest or right of possession of the tenant, as to avoid a fire insurance policy during such period of five days, under a condition which provides that the entire policy shall be void, if any change take place in the interest, title or possession of the subject of insurance, whether by legal process or judgment or voluntary act of the insured.

Appeal from Superior Court, Spokane County.—Hon. LEANDER H. PRATHER, Judge.   Reversed.

*Blake & Post,* for appellant.

*Graves & Graves* and *Sullivan, Nuzum & Nuzum,* for respondent:

Upon non-payment of rent conditioned to be paid in a lease, the lessor may, at common law, where a re-entry clause has been inserted in the lease, after demand for pay-

ment of the rent, re-enter upon the leased premises, and thereby forfeit and put an end to the lease and the leasehold estate.    1 Taylor, Landlord & Tenant (8th ed.), §§ 291, 298.    The entry of a judgment in an action to recover possession of the real estate by virtue of a clause in the lease making it forfeitable for non-payment of rent, whether this action be ejectment or the summary statutory proceedings, has the same effect as a re-entry at common law.    The issuance or execution of a writ of possession, or of execution, in no manner changes the relation between the landlord and tenant.    Such change of relation is accomplished by the judgment.    When forfeiture is accomplished by either of the foregoing methods, the lessee's estate is ended.    He may have relief from the forfeiture through the statute, or independently of it, but in either event such relief does not continue his estate as though there had been no forfeiture, but merely sets aside, or satisfies, the forfeiture, and grants him a restoration of that which he has lost through the re-entry, or through the rendition of the judgment.    *Witbeck v. Van Rensselaer,* 64 N. Y. 31; *People v. Cooper,* 20 Hun, 490; *Bowar v. Chicago W. D. Ry. Co.,* 12 L. R. A. 83; *Gallagher v. Reilly,* 10 N. Y. Supp. 536; *Ash v. Purnell,* 11 N. Y. Supp. 54; *Baldwin v. Thibaudeau,* 17 N. Y. Supp. 533; *Riglander v. Nile Tobacco Works,* 47 N. Y. Supp. 189.

The opinion of the court was delivered by

REAVIS, J.—Action upon a fire insurance policy issued by the defendant in the name of George H. Barnum, upon a building belonging to D. L. Barnum, situated on leased ground owned by the Washington Water Power Company in the city of Spokane.    When the policy was issued the plaintiff held a mortgage upon the building as security for certain notes held by it as collateral security for the payment of a debt due it by George H. Barnum.    The insur-

ance was negotiated through George H. Barnum, who at the time informed the defendant's agent of all the facts touching the ownership, title, and possession of the property. The agent made out the policy, and delivered it to the cashier of the bank, who paid the premium. The policy contained the following condition:

"This entire policy, unless otherwise provided by agreement endorsed hereon, or added hereto, shall be void if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple, or if any change, other than by the death of the insured, take place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal process or judgment or voluntary act of the insured, or otherwise."

Some two days before the fire occurred, which occasioned the loss, a judgment of ouster was rendered in an action by the Washington Water Power Company against D. L. Barnum, the owner of the building, for non-payment of rent. The contract of lease under which D. L. Barnum held the property contained the following clause:

"And it is further agreed by and between the parties hereto, that, at the expiration of the term of this lease, either by lapse of time or by the election of the party of the first part as hereinbefore provided for, the party of the second part will sell and deliver to the party of the first part the building or buildings which the party of the second part may then have standing on said premises for such sum and price as the parties hereto may agree upon. And in case the parties cannot agree upon the purchase price of such building or buildings, then each of the parties may and shall appoint one disinterested person who shall fix, determine and declare such purchase price, providing, however, if the two persons so appointed cannot agree upon said purchase price, then they shall choose a third and disinterested person and the purchase price shall be fixed and determined by a majority of such three

persons, and the party of the first part shall and will pay to the party of the second part the purchase price so agreed upon and determined for said building or buildings."

There had been no sale of the buildings by Barnum to the Water Power Company, no price having been fixed either by agreement or arbitration. The contract contained also the provision, "Loss, if any, payable to mortgagee as his interest may appear at time of loss." At the close of the trial counsel for defendant moved the court for a peremptory instruction to the jury for a verdict for defendant. The court gave the instruction upon the ground that the judgment in forcible entry and detainer effected a change in the interest of the property insured. Appellant assigns as error the giving of the peremptory instruction, the directing of a judgment dismissing the complaint, and the overruling of appellant's motion for a new trial.

The judgment of ouster was obtained under § 5542, Bal. Code, for non-payment of rent. The term of Barnum's lease had not expired. The section provides, among other things, that when the lease has not by its terms expired, "execution upon the judgment shall not be issued until the expiration of five days after the entry of the judgment, within which time the tenant or any sub-tenant, or any mortgagee of the term, or other party interested in its continuance, may pay into court for the landlord the amount of the judgment and costs, and thereupon the judgment shall be satisfied and the tenant restored to his estate; but if payment, as herein provided, be not made within five days, the judgment may be enforced for its full amount and for the possession of the premises." The lease itself contained a stipulation that on non-payment of the rent or violation of any of the terms, the lessor might, at his election, either distrain the rent or declare the lease at an end, and recover the premises by forcible detainer. It is maintained by counsel for respondent that

the judgment forfeited the lease, and that it was of no
further effect; that under the conditions of the policy it
was vitiated if any change in the interest, title, or posses-
sion of the subject of insurance by legal process or judg-
ment occurred.    An analogy is drawn between the sum-
mary statutory proceeding of unlawful detainer and the
rules in an action of ejectment, and it is insisted, also, that
there is an analogy between the ordinary stay of a judg-
ment and the stay of execution for five days in unlawful
detainer.    But the ordinary stay of execution does not
affect the ultimate force of the judgment.    The entry with-
out writ under a judgment in ejectment is complete, and,
as maintained by counsel, the plaintiff is not liable to tres-
pass in any event.    But the effect of payment into court
of the amount of the judgment and costs in the action here
for unlawful detainer is to change the ultimate force of
the judgment as to possession.    It is not a satisfaction of
the judgment by the rendition of possession and the can-
cellation of the lease, but the ultimate force of the judg-
ment itself is arrested; and in this view the judgment in
full force is not complete until the five days have elapsed.
It cannot be conceded that the plaintiff may rightfully take
possession of the premises within the five days.    What
change, then, was there in the tenant's interest or title
during the five days?    He was still in default in the pay-
ment of the rent, as he was before the action was com-
menced.    Such default was adjudged, and he was given
five days within which to set aside the judgment by pay-
ment.    The time within which he might pay the rent was
made definite and certain in the judgment.    Similar views
of construction and analogies may be found in ordinary
judgments of foreclosure, and at judicial sales where a
period of redemption is provided for property sold.

In *Wood v. American Fire Ins. Co.,* 149 N. Y. 382 (44
N. E. 80, 52 Am. St. Rep. 733), it was said:

"The effect of a sale of real estate upon execution is declared by statute, and no other effect can be given to it. The judgment debtor, or his assignee, or his creditors, may redeem the same within fifteen months thereafter, and the right and title of the judgment debtor is not divested by the sale until the expiration of the period for redemption."

See, also, *Greenlee v. North British & M. Ins. Co.,* 102 Iowa, 427 (71 N. W. 534, 63 Am. St. Rep. 455); *Lodge v. Capital Ins. Co.,* 91 Iowa, 103 (58 N. W. 1089).

And, where the fire has occurred before a judicial sale is confirmed by the court, it has been ruled that the interest and title of the insured were not altered. *Hanover Fire Ins. Co. v. Brown,* 77 Md. 64 (25 Atl. 989, 39 Am. St. Rep. 386).

In *Lodge v. Capital Ins. Co., supra,* it was observed:

"It is claimed that the title was in the purchaser at the sheriff's sale, and that the policy was, therefore, void. It is apparent that there was no substantial violation of this part of the policy. It does not appear that the plaintiff consented that the purchaser at the sheriff's sale should convey her property to another. The payment of the full amount due to the purchaser operated as a redemption, and the defendant ought not to be allowed to take advantage of a mere apparent change of title, which does not affect any right. The plaintiff herein was in undisturbed possession of the property when the loss occurred, and the purchaser at sheriff's sale makes no claim thereto."

It is argued that the unlawful detainer acts change no established principles pertaining to leases, and do not deprive the owners of lands and their tenants of the liberty of contract which they enjoyed before their enactment. But with reference to the provision in the lease that the landlord here might, at his election, declare the lease at an end for non-payment of rent, it may be observed that it also further provides for the recovery of possession as if held by forcible detainer. At any rate, courts have always required some positive declaration of forfeiture under any

stipulation in the contract of lease. It is apparent, however, that the rights of the lessor and lessee here are determined by the judgment of ouster in forcible detainer. The force and effect of that judgment have already been considered, and a forfeiture under the stipulations of the policy cannot be conceded from the effect of the judgment pleaded.

As this disposes of the case, it is not deemed necessary to discuss the further suggestion of counsel as to the effect of the condition relative to the ownerhip and disposition of the subject of insurance after the termination of the lease.

The judgment is reversed, and the cause remanded for a new trial.

GORDON, C. J., and DUNBAR and FULLERTON, JJ., concur.