ALICE E. SKINNER, as Administratrix of NELSON E. SKINNER,
  Deceased, Appellant, *v.* FREDERICK H. NORMAN, as Treas-
  urer of the SUN FIRE OFFICE, Respondent.

FIRE INSURANCE — WHEN AGENT CHARGEABLE WITH NOTICE OF
INCUMBRANCE — WAIVER. Where, upon an application for a fire insur-
ance policy upon property covered by a chattel mortgage, a representa-
tive of the plaintiff disclaimed any knowledge of claims against the prop-
erty, but stated that if there were any defendant's agent could ascertain by
inquiry of the plaintiff, which the agent voluntarily agreed to do, but
failed to do, that the policy is subsequently issued with no reference to the
chattel mortgage indorsed thereon or added thereto as required by one of
its conditions, is no defense to an action upon it for a loss, since while the
agent was ignorant of the existence of the incumbrance, under the circum-
stances he was chargeable with knowledge of it, and, having issued the
policy, it was a waiver of the condition requiring the indorsement, and
the defendant is bound thereby.
  *Skinner* v. *Norman,* 18 App. Div. 609, reversed.

(Argued December 11, 1900; decided February 5, 1901.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
June 28, 1897, which reversed a judgment in favor of plain-
tiff entered upon a verdict and an order denying a motion for a
new trial, and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*P. W. Cullinan* for appellant. Restrictions inserted in a policy of insurance upon the powers of the agent to waive any condition, unless done in a particular manner, cannot be deemed to apply to those conditions which relate to the inception of the contract, when it appears that the agent has delivered it and received the premium with full knowledge of the actual situation. (*Wood* v. *A. F. Ins. Co.*, 149 N. Y. 382.) When an insurance policy is delivered by an agent having knowledge of facts vitiating the policy, it is presumed, if anything is omitted from such policy to make it valid, that such omission was due to mistake, or that the condition was waived, or that the defendant is estopped from setting it up as a defense. (*Robbins* v. *S. F. & M. Ins. Co.*, 149 N. Y. 477; *Wood* v. *A. F. Ins. Co.*, 149 N. Y. 382; *McGuire* v. *H. F. Ins. Co.*, 7 App. Div. 575.) The defendant's agent had constructive knowledge of the existence of a chattel mortgage on the steamer *Geneva* at the time of the issuing of the policy. (Wade on Notice, 9, §§ 11, 33, 37; *Kennedy* v. *Green*, M. & K. 619; *Bank of U. S.* v. *Davis*, 2 Hill, 451; *Williamson* v. *Brown*, 15 N. Y. 354; *H. Ins. Co.* v. *Halsey*, 4 Sandf. 574.) The insurance company is estopped from setting up a defense based upon the alleged insufficiency of the answer of the assured made upon application for the policy. (Biddle on Ins. § 540; *L. M. Ins. Co.* v. *Kapler*, 160 Penn. St. 28; *P. M. L. Ins. Co.* v. *Wiley*, 100 Ind. 92; *C. Ins. Co.* v. *Kasey*, 25 Gratt. 268; *Beal* v. *P. Ins. Co.*, 16 Wis. 241; *C. V. Ins. Co.* v. *Schell*, 29 Penn. St. 31; Phillips on Ins. §§ 568, 585, 665; Richards on Ins. § 57; Wood on Fire Ins. § 214.) An insurance company is bound by the act of a general agent, contrary to special instructions, if within the scope of authority. (*Ruggles* v. *A. C. Ins. Co.*, 114 N. Y. 415.) Courts will strive to uphold the contract and will construe the provisions of the policy strongly against an

underwriter entailing a forfeiture or limiting a liability. (*McMaster* v. *Ins. Co. of N. A.*, 55 N. Y. 222; *Allen* v. *St. Louis Ins. Co.*, 85 N. Y. 473; *Griffey* v. *N. Y. C. Ins. Co.*, 100 N. Y. 417.) It was material to allow the plaintiff's intestate to show that he had not read the policy until after the fire; and the defendant cannot be released from its contract, because the plaintiff's intestate, acting in good faith, accepted without examination the policy in question. He had a right to rely on the contract as made. (*McGuire* v. *H. F. Ins. Co.*, 7 App. Div. 575; 158 N. Y. 680; *Dowling* v. *M. Ins. Co.*, 168 Penn. St. 234; *Broadhead* v. *L. F. Ins. Co.*, 23 Hun, 397; *Hay* v. *S. F. Ins. Co.*, 77 N. Y. 235; *Miaghan* v. *H. F. Ins. Co.*, 24 Hun, 58.)

*A. H. Sawyer* for respondent. By the terms of the policy it was absolutely void if the subject of insurance was personal property and it was incumbered by chattel mortgage, unless an indorsement in relation to such mortgage was made upon the policy. (*Woodward* v. *R. F. Ins. Co.*, 32 Hun, 365; *Smith* v. *A. Ins. Co.*, 118 N. Y. 518; *Sentell* v. *O. C. F. Ins. Co.*, 16 Hun, 516; *McNierney* v. *A. Ins. Co.*, 48 Hun, 239; *Gray* v. *G. Assur. Co.*, 82 Hun, 380; *Walker* v. *P. Ins. Co.*, 89 Hun, 333.) The trial court erred in his charge to the jury that it was the duty of the defendant to ascertain before issuing the policy whether there were incumbrances upon the property, and if he failed to do this the plaintiff was entitled to recover. (*Smith* v. *A. Ins. Co.*, 118 N. Y. 518; *Hayward* v. *N. E. Ins. Co.*, 10 Cush. 444; *Brown* v. *P. Ins. Co.*, 11 Cush. 280; *MacFarland* v. *St. P. F. & M. Ins. Co.*, 46 Minn. 519; *Ellis* v. *State Ins. Co.*, 68 Iowa, 578; *Guinn* v. *P. Ins. Co.*, 31 S. W. Rep. 566; *Lasher* v. *St. J. F. & M. Ins. Co.*, 86 N. Y. 423; *Quinlan* v. *P. W. Ins. Co.*, 133 N. Y. 357.) The trial court erred in permitting the plaintiff, under objection and exception by the defendant, to testify that he had never read the policy in question. (*Quinlan* v. *P. W. Ins. Co.*, 133 N. Y. 356; 1 May on Ins. § 167; 1 Wood on Fire Ins. § 10.)

CULLEN, J.    This action was brought to recover on a fire insurance policy on a steamboat.    The substantial defense pleaded was that at the time of the issue of the policy the property was incumbered by a chattel mortgage, no reference to which was indorsed upon or added to the policy.    That the boat was so incumbered, and that notice of the incumbrance was not indorsed upon the policy are conceded, and it is also conceded that these facts *prima facie* rendered the policy void.    The plaintiff sought to relieve himself from a forfeiture of the policy by proof of the negotiations which took place between his agent and the defendant prior to the issue and delivery of the policy.    The plaintiff sent the master of the boat, one Andrews, to effect the insurance.    Andrews was not aware of the existence of the mortgage.    He testified that on applying to the defendant's agent for insurance he was asked whether there were any claims against the boat.    He replied that he knew of none, but if there were any, he (the insurance agent) could find out at the custom house or of Mr. Skinner (the plaintiff).    " I said to him, you pass his house two or three times a day, you can stop in and see him if you don't happen to see him on the street, and he said all right.    *    *    *    I asked him if everything was all right, and he said yes, he would attend to it, so I went back.    *    *    *    The policy was not delivered to me, it was sent to Mr. Skinner's house within two or three days after."    The evidence of Wheeler, the defendant's agent, was in substantial accord with that of Andrews. He testified that he asked Andrews if there were any claims on the boat, to which the latter replied that he did not know and that he (Wheeler) could go to Skinner (plaintiff) and find out.    Wheeler further testified that afterwards he did go to the plaintiff and that the plaintiff in substance told him there were no claims on the boat.    This last statement the plaintiff denied, testifying that he did not see Wheeler until after the fire which destroyed the steamer.    The policy was sent by the defendant to the plaintiff and the premium paid.    A motion to dismiss the complaint made at the close of the evidence was

denied, and the court submitted the case to the jury under instructions that if the defendant's agent, after his conversation with Andrews, issued the policy without making inquiry as to the existence of claims or liens on the boat, the plaintiff was entitled to recover; but, if he asked the plaintiff concerning such liens or claims and was told of none, the defendant was entitled to a verdict. The jury having found for the plaintiff, judgment was entered in his favor. From that judgment and an order denying defendant's motion for a new trial, an appeal was taken to the Appellate Division, which reversed the judgment and order and granted a new trial. On an application made by the plaintiff the order was amended so as to state that upon an examination of the facts the court decided that they sustained the verdict of the jury, but held that upon the facts as thus established as matter of law the plaintiff was not entitled to recover.

The main question presented on this appeal is very narrow. It is the settled law of this state that the agent of a fire insurance company may, by issuing a policy with knowledge of the facts, waive a condition that the policy shall be void if the property insured be incumbered, and a note of the incumbrance be not indorsed upon the policy, notwithstanding a provision in the policy that no agent of the company shall have power to waive any such condition, except by written indorsement (*Wood* v. *American Fire Ins. Co.*, 149 N. Y. 382; *Robbins* v. *Springfield Fire & Marine Ins. Co.*, 149 N. Y. 477), though a different rule prevails where a change in the title or occupation of the property occurs subsequent to the issue of the policy. (*Quinlan* v. *Providence, etc., Ins. Co.*, 133 N. Y. 356.) It is, therefore, entirely clear that had Andrews, the master of the boat, told the defendant's agent of the existence of the mortgage, the policy would have been valid despite of its failure to note the existence of the incumbrance. This doctrine the learned Appellate Division did not gainsay; but it held that the present case did not fall within the rule because the defendant's agent did not know that there was any mortgage on the property. The question presented then is whether

it is not possible to waive an unknown breach of the conditions of a contract equally with one that is known when the failure of knowledge is due to the fault of the party on whom it is sought to impose the waiver. In *Kirchner* v. *N. H. S. M. Co.* (135 N. Y. 182) the question arose as to the effect of a general release, and the trial court charged that the release did not cut off the plaintiff's right to recover for any injury to him or his property of which he did not know at the time he signed it. It was held that this direction was erroneous. It was there said : " It is competent for a party by his own act to forego a recovery for unknown, as well as for known causes of action." If it is within the power of a party to release, or assign rights of which he is ignorant, as well as those of which he has knowledge, I cannot see why the same principle is not equally applicable to the case of a waiver. In the first case the question is, what was the bargain between the parties, and the construction of the instrument in which that bargain is expressed ? In the second case the question is, what was the intention of the party, who it is claimed has made the waiver ? Ordinarily the rule is stated that one will not be held to have waived his rights unless it is shown that he has acted with a full knowledge of the facts, but precision requires the qualification " or where it was his bounden duty to know them." (*Finley* v. *Lycoming County M. Ins. Co.*, 30 Penn. St. 311.) In *Reynolds* v. *Commerce Fire Ins. Co.* (47 N. Y. 597) the plaintiff's agent at the time of applying for a renewal or new policy stated that he thought a change had been made in the conduct of the business, and referred the defendant for information to another company who had recently made a survey of the property and insured it. It was there said : " The statement of the agent, therefore, that he thought a change of business had taken place, and a reference to where the fact could be ascertained, was equally effective as a notice of the very change that had been made. In such a case, whatever is notice enough to excite attention, and put a party upon his guard and call for inquiry, is notice of everything to which such inquiry might have led.

When a person has sufficient information to lead him to a fact, he shall be deemed conversant with it." It is not necessary in order to uphold the recovery in this case to go to the full extent of the doctrine thus declared. We do not mean to suggest that the principles of constructive notice which obtain as to alleged *bona fide* purchasers of real estate, negotiable instruments or the like, equally apply in the negotiations between an insurance company and an applicant for insurance. It is the duty of such applicant to comply with the conditions of the policy and to give the information requisite for its validity. The company may rely on the presumption that the insured has stated all the material facts and as a rule is not bound to make inquiries. But, in the present case, the defendant's agent was told that the master of the boat did not possess knowledge or information of the condition of the owner's title, and voluntarily agreed to make necessary inquiry of the owner on the subject. It is true that he was under no obligation to make this inquiry, but he could assume the duty. The inducement for this agreement is plain. It was the desire to effect the insurance. Had the agent refused to make the inquiry, doubtless the master of the boat would have declined to take the insurance without apprising the owner. When the defendant's agent issued the policy without ascertaining from the owner whether the property was incumbered, he in effect determined that the existence of incumbrances was immaterial, and the defendant agreed to insure the property incumbered or unincumbered. It was the agent's failure to comply with his agreement which led the plaintiff into what was practically a trap, and the defendant should not be allowed to plead its ignorance of a fact as to which it has agreed to obtain knowledge. I know that it has been said by a distinguished judge "that illustration is not argument," but at times it is at least a very convenient substitute for it. If in the case of distant property the owner should state to the insurance company that he did not know whether the premises were occupied or vacant at the time, I assume no one would deny that he might, by

agreement with the company, obtain a valid policy of insurance if the indorsement " occupied or unoccupied " was made on the policy. If he stated truly his lack of knowledge on the subject of occupation and his desire to obtain insurance, notwithstanding that the premises might be unoccupied, I apprehend that the *Wood* and *Robbins* cases cited would be conclusive to the effect that a policy issued after such statement, containing no reference to the occupation, would be equally valid and effective with one in which reference to the occupation was noted. I cannot see why the case before us is not the same in principle as the one suggested. When the defendant's agent issued the policy without making the inquiry as to incumbrances, it was the same as if he had at the time given the policy to the master of the boat, stating it was immaterial whether the boat was incumbered or not.

The admission of the testimony of the plaintiff that he did not read the policy after it was sent to him did not prejudice the defendant, since as we hold it was not necessary to the validity of the policy that a reference to the mortgage should have been indorsed upon it.

The order of the Appellate Division should be reversed and the judgment entered upon the verdict of the Trial Term should be affirmed, with costs in all the courts.

HAIGHT, LANDON and WERNER, JJ., concur; PARKER, Ch. J., GRAY and O'BRIEN, JJ., dissent.

Ordered accordingly.