[No. 7788. Decided August 12, 1909.]

J. A. MOLLER, *Administrator etc., Appellant,* v. NIAGARA FIRE INSURANCE COMPANY, *Respondent.*[1]

INSURANCE—POLICY—TRANSFER OF INTEREST—EXECUTORS AND ADMINISTRATORS—SALES—CONFIRMATION—TIME WHEN INTEREST PASSES. An administrator's sale for cash, confirmed by the court, transfers the equitable title to the purchaser, although the deed is not delivered and no part of the purchase price is paid, Bal. Code, § 6274, providing that the sale shall be valid "from the time" of the confirmation; and hence a fire insurance policy providing that the policy shall be void if any change take place in the interest, title, or possession of the subject of the insurance, is vitiated by such sale and confirmation (FULLERTON, J., dissenting).

SAME—WAIVER BY AGENT. A provision in a fire insurance policy rendering it void upon any transfer of interest cannot be waived by an agent where the change in interest occurred after issuance of the policy.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered July 6, 1908, upon findings in favor of the defendant, in an action on a fire insurance policy, after a trial before the court without a jury. Affirmed.

*John C. Hogan,* for appellant, cited: 19 Ency. Plead & Prac. 917; *Greenough v. Small,* 137 Pa. St. 132, 20 Atl. 553, 21 Am. St. 859; *Wood v. American Fire Ins. Co.,* 149

[1]Reported in 103 Pac. 449.

N. Y. 382, 44 N. E. 80, 52 Am. St. 733; *Hammel v. Queens Ins. Co.*, 54 Wis. 72, 11 N. W. 349, 41 Am. Rep. 1; *Greenlee v. North British & Mercantile Ins. Co.*, 102 Iowa 427, 71 N. W. 534, 63 Am. St. 455; *Loy v. Home Ins. Co.*, 24 Minn. 315, 31 Am. Rep. 346; *Leshey v. Gardner*, 3 Watts & Serg. (Pa.) 314, 38 Am. Dec. 764; *Ayres v. Hartford Fire Ins. Co.*, 17 Iowa 176, 85 Am. Dec. 553; *Sun Fire Office v. Clark*, 53 Ohio St. 414, 42 N. E. 248, 38 L. R. A. 562; *Arkansas Fire Ins. Co. v. Wilson*, 67 Ark. 553, 55 S. W. 933, 77 Am. St. 129, 48 L. R. A. 510; *Franklin Ins. Co. v. Feist*, 31 Ind. App. 390, 68 N. E. 188; *Erb v. German American Ins. Co.*, 98 Iowa 606, 67 N. W. 583, 40 L. R. A. 845; *Home Mut. Ins. Co. v. Tomkies & Co.*, 96 Tex. 187, 71 S. W. 812, 814; *Garner v. Milwaukee Mechanics' Ins. Co.*, 73 Kan. 127, 84 Pac. 717, 117 Am. St. 460, 4 L. R. A. (N. S.) 654.

*Granger & Magill*, for respondent.

CROW, J.—Action by J. A. Moller, administrator of the estate of Eli Anderson, deceased, against Niagara Fire Insurance Company, a corporation, on an insurance policy to recover loss sustained by fire. From a judgment in favor of defendant, the plaintiff has appealed.

The appellant contends that the trial court erred, (1) in entering judgment in favor of the respondent; (2) in refusing to enter judgment in appellant's favor; and (3) in failing to make findings requested. Only one of several defenses interposed by the respondent is now before us for consideration, all others having been waived at the trial. The policy, issued to appellant July 1, 1904, contained the following clause:

"This entire policy, unless otherwise provided by agreement, endorsed hereon, or added hereto, shall be void    .   .   . if any change, other than by the death of the insured, take place in the interest, title or possession of the subject of insurance,    .   .   .  whether by legal process or judgment or by voluntary act of the insured, or otherwise,    .   .   ."

The material facts, shown by the evidence and found by the trial court, are, that the insured property, which was located in Pacific county, belonged to the estate of the deceased; that its principal value consisted of improvements protected by the policy; that on June 2, 1904, and August 3, 1904, in probate proceedings regularly conducted, the superior court of Pacific county entered orders in the matter of the estate of Eli Anderson, deceased, authorizing and directing the appellant as administrator, to sell real estate, including property covered by the policy, for the payment of debts, the sale to be for cash; that on August 26, 1904, he sold the property here involved to one Fred Reif, for $600 cash; that on September 3, 1904, the sale was confirmed by order of court, and the appellant was directed to execute and deliver an administrator's deed; that on September 12, 1904, after entry of the order of confirmation, the buildings upon the property so sold, and which were covered by the policy of insurance, were destroyed by fire; that no administrator's deed has been delivered to Fred Reif, and that he has not paid the purchase money.

The appellant contends that the policy was in effect at the date of the fire, and that no change in interest, title, or possession had occurred sufficient to avoid it, no deed having passed to the vendee, and the purchase price not having been paid. In support of this contention he cites numerous authorities which are not pertinent to the facts in this action. They are decisions which either construe clauses in policies different from the one now before us, or involve execution or other judicial sales in which the insured continued to hold title to the property or the possession thereof, or was entitled to redeem from such sale within a fixed statutory period. For instance, in *Wood v. American Fire Ins. Co.*, 149 N. Y. 382, 44 N. E. 80, 52 Am. St. 733, cited by appellant, it appears that about ten days before the fire the real estate which was the subject of the insurance was sold by the sheriff under execution. The court, construing the identical for-

feiture clause we now have under consideration, held the insured was entitled to recover on the policy, but in announcing its reasons for so holding said:

"The effect of a sale of real estate upon execution is declared by statute, and no other effect can be given to it. The judgment debtor, or his assignee, or his creditors, may redeem the same within fifteen months thereafter, and the right and title of the judgment debtor is not divested by the sale until the expiration of the period for redemption: (Code C. P. § 1440.) During that time the debtor is entitled to the possession and use of the rents and profits. At the time, therefore, that the property in question was destroyed by fire, the interest, title, or possession of the insured had not been changed. The statute had operated to postpone the effect of the sale upon the interest, title, or possession of the owners until the expiration of the period for redemption."

The doctrine announced by this court in *Browne Nat. Bank v. Southern Ins. Co.*, 22 Wash. 379, 60 Pac. 1123, is on principle in harmony with the New York case, but no redemption from an administrator's sale is granted by the statutes of this state which can have the effect of preventing the immediate passing of either the legal or equitable title to the vendee.

The respondent contends that the sale so changed appellant's interest and title as to avoid the policy and relieve it from liability thereon. The controlling questions before us are, whether the estate, of which the appellant was administrator, continued to hold the equitable title, and whether appellant was, after confirmation, entitled to tender a deed to the vendee, and demand payment of the purchase money irrespective of the loss of the building. If the purchaser was then liable, or if in other words, a specific performance of the judicial contract of sale could be obtained compelling him to accept the legal title and make payment, there must have been such a change in the equitable title as would avoid the policy.

Bal. Code, § 6265 (P. C. § 2573), provides that the court

may order an administrator's sale for cash, or on credit not exceeding six months. This sale was ordered to be made for cash, and it may be seriously questioned whether the appellant should have accepted the bid, have reported the sale, or have obtained an order of confirmation without first collecting the purchase price. Without regard to this question, we hold, upon the record before us, that the equitable title passed to the vendee Reif, and that after confirmation the appellant may tender him a deed and collect the entire purchase price, notwithstanding the loss by fire. The probate proceedings were in all respects regular and valid. The sale had been legally conducted and confirmed. No further order of the court was necessary to transfer the legal title. It was appellant's duty to perform the ministerial act of executing and delivering the deed. No report to the court, of the performance of that act, was necessary. The equitable title passed when the sale was confirmed, and the appellant was not only entitled to receive the purchase money, but should have previously collected the same. The sale is one that can be specifically enforced against the purchaser Reif. Mr. Pomeroy, at § 316, of his work on Specific Performance of Contracts (2d ed.), says:

"Whether a failure or defect or depreciation of the subject-matter, or any other similar extrinsic event, beyond the control of either party—that is, happening without the agency or default of a party—shall affect the right to a specific performance, depends, as a general rule, upon the time when it took place with reference to the conclusion of the contract; or, in other words, upon the fact of its taking place *before* or *after* the contract was finally concluded so that the equitable estate would thereby pass to the vendee. It is necessary, therefore, to determine with precision, in the first place, the exact time when an agreement is regarded in equity as concluded."

In § 318, speaking of judicial sales, he further says:

"The rule which seems to be sustained by the weight of authority, pronounces the rights and estate of the parties

to be settled at the date of the sale, subject, of course, to be defeated by an order for opening the bids and reselling the subject-matter; the confirmation thus relates back to that time. According to some authorities, or at least *dicta*, the time at which the equitable interests of the parties are established, and when the purchaser is to be considered as owner of the estate, is the date of the order confirming the order of sale, or of whatever other judicial act the practice substitutes in place of such order."

Bal. Code, § 6274 (P. C. § 2582), reads as follows:

"If it appear to the court that the sale was legally made and fairly conducted, and that the sum bidden was not disproportionate to the value of the property sold, or if disproportionate, that a greater sum, as above specified, cannot be obtained, the court shall make an order confirming the sale and directing conveyances to be executed; and such sale, from that time, shall be confirmed and valid."

The words "from that time" evidently refer to the time of confirmation, and under this section the sale must thereafter be considered as valid. If so, the equitable title would immediately pass. The cases from different jurisdictions are somewhat divided on the question as to whether a judicial sale binds the vendee from its date, or from and after the entry of an order of confirmation. There can be no question, however, under the weight of authority, but that confirmation finally passes the equitable title to the vendee, and that any loss thereafter occurring, without fault of either party to the sale, will fall upon such vendee. *Robertson v. Skelton*, 12 Beav. (Eng. Rep.) 260; *Robb v. Mann*, 11 Pa. St. 300; *McKechnie v. Sterling*, 48 Barb. 330; *Vance's Admr. v. Foster & Ray*, 9 Bush 389; *McLaren v. Hartford Fire Ins. Co.*, 1 Selden (N. Y.) 151; *Maul v. Hellman*, 39 Neb. 322, 58 N. W. 112; *Ball v. First National Bank*, 80 Ky. 501; *Morrison v. Burnette*, 154 Fed. 617; 2 Cooley, Briefs on Law of Insurance, p. 1753d.

"Upon the confirmation the purchaser is entitled to a deed and writ of possession, and therefore to the rent; he

is bound to pay the purchase-money, and assumes the hazard of accidental destruction of the property." 2 Woerner, American Law of Administration (2d ed.), § 478.

In *Robb v. Mann, supra,* an administrator's sale had been made and confirmed. The purchase money had not been paid, possession had not been given, nor had the administrator's deed been delivered. Portions of the buildings and improvements were destroyed by a wrongdoer, without fault of either party to the contract of sale. On action by the administrator for the purchase money, the court, in sustaining his right to recover, said:

"So much is the vendee considered, in contemplation of equity, as actually seized of the estate, that he must bear any loss which may happen to the estate between the agreement and the conveyance; and he will be entitled to any benefit which may accrue to it in the interval. And the reason assigned is, that, by the contract, he is the owner of the premises, to every intent and purpose in equity; *Richter v. Selin,* 8 S. & R. 440; Sug. on Vend. ch. 4, p. 131-2, Amer. ed. This principle, which is indisputable, would seem decisive of the question, unless a distinction can be taken between a private and a judicial sale. But no such distinction has been recognized; rather the reverse has been ruled. Thus in *Stoever v. Rice,* 3 Wh. 25, a sale by a sheriff is said to be attended with the ordinary incidents of a sale by an individual. And in *Bashore v. Whisler,* 3 W. 494, it is said, that a sale by an administrator under an order of the Orphans' Court for payment of debts, is a judicial sale, and that the principles which govern the one are applicable to the other."

In *Vance's Admr. v. Foster & Ray, supra,* the court said:

"The principle cannot, we think, be questioned that where at the time a sale is made no valid ground for setting it aside exists, the accepted bidder is entitled to his purchase, however much the property may appreciate in value between the sale and time for confirming it. This being so, why should he not be held bound by his purchase, although from accidental causes the property in the meantime may become impaired or depreciate in value."

In *Ball v. First Nat. Bank, supra,* the court said:

"The purchaser, from the confirmation, is entitled to a deed and writ of possession, and is bound to pay the purchase-money, and hazard the accidental destruction of the property even from the sale, and he is entitled, therefore, to the rent from the date of confirmation, but not from the sale, because he acquires no right to the possession until the sale is confirmed."

Applying the principles thus announced, we are compelled to hold that the appellant is entitled to tender a deed and collect the purchase money for the reason that, after confirmation, Reif became the equitable owner of the property and must suffer the loss resulting from the fire. This being true, there was a change in interest and title sufficient to release the respondent from liability on the policy. *Jump v. North British etc. Ins. Co.,* 44 Wash. 596, 87 Pac. 928. A different rule might prevail in judicial sales where a right of redemption remained in the insured; but that question is not now before us, no redemption from an administrator's sale being authorized in this state.

The appellant further contends that the trial court erred in refusing to make findings, to the effect that the agent of the respondent, who issued the policy, was apprised of all of the facts in relation to the administrator's sale and its confirmation, and that he made no objection thereto, but allowed the policy to stand. Such findings, if made, would be immaterial. No question is here presented as to the validity of the policy when first issued. The change in the title which avoided it occurred afterwards, and even though the agent of the respondent had known of such change, no duty devolved upon him to take any action by reason thereof, unless he was requested to do so by the assured.

The judgment is affirmed.

Rudkin, C. J., Mount, Dunbar, Morris, Parker, Gose, and Chadwick, JJ., concur.

FULLERTON, J. (dissenting)—I am of the opinion that the purported sale was incomplete for want of payment of the purchase price and delivery of the property. I therefore dissent from the conclusion of the majority.