(90 Misc. Rep. 697)

### HOLLOWAY v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Term, First Department. June 28, 1915.)

INSURANCE ⟨⇌⟩291—LIFE INSURANCE—BREACH OF CONDITION AS TO HEALTH—EFFECT.

   Where the life insurance policy in suit provided that no obligation was assumed by the company prior to its issuance, or unless at said date the insured was alive and in sound health, and the insured died of diabetes, which she had had for a year, within a month and a half of the issuance of the policy, there could be no recovery on such policy.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 681–690, 694–696; Dec. Dig. ⟨⇌⟩291.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

---

Action by Annie Holloway against the Metropolitan Life Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Woodford, Bovee & Butcher, of New York City (James N. Luttrell, of New York City, of counsel), for appellant.

William D. Sporborg, of New York City, for respondent.

BIJUR, J. Nothing but a question of law is involved on this appeal. Plaintiff sues on a policy of insurance issued by defendant upon the life of one Catherine McNamara. It was shown that, within a month and a half of the issuance of the policy, the insured died of diabetes, the duration of which was one year. The assured had been treated for a year prior to her death for this disease. The policy (which is one issued upon the payment of a weekly premium of 15 cents) contains the following clause:

"Provided, however, that no obligation is assumed by the company prior to the date thereof, nor unless on said date the insured is alive and in sound health."

The learned judge below, in an opinion which exhibits a careful examination of the authorities, was of opinion that the company's agent, who obtained this insurance, had not affected a waiver of this provision, and in this conclusion I concur; but he believed that a waiver, or perhaps it may be said an estoppel, had been created "by the knowledge which might have been acquired by its medical examiner," and cites Sternaman v. Met. L. Ins. Co., 170 N. Y. 13, 25, 62 N. E. 763, 57 L. R. A. 318, 88 Am. St. Rep. 625, as his authority. He says also:

"The question presented upon the evidence is: Was the defendant's physician, presumably having knowledge of the conditions in the policy, obligated to make such an examination of the assured as would disclose her actual physical condition? It does not appear that any answers were given by the insured to his questions which would lead him to make or omit an examination which would disclose the existence of a disease of the kidneys. It also does not appear that the insured knew that she had such a disease."

He also cites Skinner v. Norman, 165 N. Y. 565, 570, 59 N. E. 309, 310, 80 Am. St. Rep. 776, as authority for the further proposition:

"That it is possible to waive an unknown breach of the condition of a contract when the failure of knowledge is due to the fault of the party on whom it is sought to impose the waiver."

In the Skinner Case, however, the fault of the party was a failure to make an inquiry about a particular subject concerning which both the assured and the insurer agreed that the insurer should make an investigation. In the case at bar no similar situation is presented. Neither the defendant nor its examining physician undertook with the assured to inquire at its risk concerning the health of the insured.

All that was held in the Sternaman Case was that knowledge actually acquired by the medical examiner from answers given by the insured was chargeable against the insurer, even though the examiner,

in transcribing the answers, may have changed their purport in whole or in part. That element is also not present in the case at bar.

I am unable to escape the conclusion reached with much reluctance that the express condition of the policy was violated by the fact that the assured, at the time of the issuance of the policy, was actually not "in sound health," and that therefore no recovery is possible. Carmichael v. John Hancock Ins. Co., 48 Misc. Rep. 386, 389, 95 N. Y. Sup. 587. See, also, Fraser v. Ætna L. Ins. Co., 114 Wis. 510, 90 N. W. 476; Packard v. Met. L. Ins. Co., 72 N. H. 1, 54 Atl. 287. Cases from which a contrary inference might be drawn deal with statements in applications rather than provisions of the policy, or with terms entirely different from those contained in the policy in the instant case. See, for example, Moulor v. Am. Ins. Co., 111 U. S. 335, 4 Sup. Ct. 466, 28 L. Ed. 447; Jennings v. Supreme Council, 81 App. Div. 76, 81 N. Y. Supp. 90.

Judgment reversed, and new trial granted, with costs to appellant to abide the event, with leave to the plaintiff to appeal to the Appellate Division upon filing the stipulation for judgment absolute, as required by rule 7 of the rules of the Appellate Term. All concur.