NATIONAL UNION FIRE INSURANCE COMPANY *v.* CASE & RISNER.

Opinion delivered October 15, 1928.

2

*Williamson & Williamson,* for appellant.

*Owens & Ehrman,* for appellee.

HART, C. J., (after stating the facts). The sole ground relied upon for a reversal of the judgment is that the falsity of the flue warranty clause in the policy, copied in our statement of facts, rendered the policy absolutely null and void from the date of its issuance. This is the general rule on the subject, but the facts and circumstances in the case at bar warranted a finding that the insurance company should be estopped from claiming a forfeiture of the policy on this account. In *Insurance Company* v. *Brodie,* 52 Ark. 11, 10 S. W. 1016, it was held (quoting first syllabus):

"The issue of a policy of insurance with full knowledge or notice of all the facts affecting its validity, is equivalent to an assertion that it is valid at the time of its delivery, and is a waiver of any ground for avoiding it, then known to the insurer. And as to such ground, the knowledge of an agent who receives the application on which the policy is issued is regarded as the knowledge of the company for which he acts, and notice to him is notice to his principal."

In the same case the court also held (quoting the second syllabus):

"Where an agent of a company authorized to fill up a blank application for insurance against fire, does so by writing therein answers as to the condition of the property to be insured, which he knows to be false, the company will be estopped from setting up the falsity of such answers to avoid a policy issued on the application,

although the latter contains a clause warranting the answers to be true.''

In that case the applicant for insurance made his answers to questions in his application a warranty, and, in closing the discussion of the subject and holding that the insurance company was estopped from claiming a forfeiture on the ground of the falsity of the warranty, the court said:

"We therefore conclude that the appellant was estopped from taking advantage of the falsity of the answer appended to the question, 'Do all stovepipes go directly into brick chimneys?' if, at the time the policy sued on was issued, it, personally or through its agent, knew or had notice of the facts which the question was intended to elicit.''

As recognizing the same principle, see *Providence Life Insurance Company* v. *Rutlinger,* 58 Ark. 528, 25 S. W. 835.

Counsel for appellant rely for a reversal of the judgment upon the principle of law decided in *Commonwealth Life Insurance Company* v. *Tanner,* 175 Ark. 482, 300 S. W. 927. We do not think that case has any application here. There the fact that the insured was in bad health was not found out by the agent of the company until after the policy had been issued, and on this account the court held that there was no estoppel. Here the agent had legal notice that the insured property had metal flues at the time of the issuance of the policy, and this brings the case within the principles of law decided in the Brodie case.

In Cooley's Briefs on Insurance, 2 ed., vol. 5, page 4222, it is recognized that there is a conflict in the authorities on this subject. The author said that in *Western Assurance Company* v. *Stoddard,* 88 Ala. 606, 7 So. 379, it was held that an insurance company is estopped to rely on a misrepresentation in assured's application, made a warranty by the policy, if the company's agent had knowledge of the fact when the policy was issued. Numerous other cases are cited in support of this prop-

osition, and among them is the *Insurance Company* v. *Brodie,* 52 Ark. 11, 11 S. W. 1016.

It is insisted, however, that this case should be differentiated from those cases because the agent in the case at bar did not have actual knowledge that the insured property contained metal flues. It will be remembered, however, that the agent was put upon inquiry in the matter, and agreed to ascertain the facts of which the insured was ignorant. He then issued the policy without making further inquiry as to the truth or falsity of the condition of the flues, and thereby waived a warranty in the policy in conflict with the actual facts.

In *Skinner* v. *Norman,* 165 N. Y. 565, 59 N. E. 309, 80 Am. St. Rep. 776, the court held that, where an agent of the insurance company soliciting insurance stated that he did not know whether the property was incumbered or not, and the insurer agreed to inquire regarding it of the owner, but issued the policy without making the inquiry, a failure to indorse or note an incumbrance on the policy did not invalidate it, though the property was in fact mortgaged. The reason for so holding is that the insurance agent's failure to comply with his agreement to ascertain the condition of the property led the plaintiff into what was practically a trap, and that the insurance company should not be allowed to plead its ignorance of a fact of which it had agreed to obtain knowledge. If the agent had delivered the policy and at the same time had told the insured that he had refused or had suggested inspecting the property as to the condition of the flues, doubtless the insured would have refused to take the insurance with the warranty clause in question in it. At least, he could have decided whether he would take the policy with that clause in it. The insurance agent had agreed to inspect the property with regard to the condition of the flues, and this induced the insured to take the policy of insurance in question. The insurance agent knew that the insured did not claim knowledge of the condition of the flues, and that the policy was to be issued and a change made after the house was inspected, if necessary,

When the policy was issued, the insured had the right to rely upon the fact that the agent of the insurer had already made an inspection of the premises, and had issued a policy in accordance with the facts ascertained.

Hence the record in the case at bar warranted a finding in behalf of the insured that the insurer should be estopped from claiming a forfeiture of the policy. Therefore the judgment will be affirmed.